### Henry Reinbach, Appellant, *v.* William and Philip Walter, Appellees.

#### APPEAL FROM MORGAN.

A party who claims a homestead exemption as against a sheriff's sale, should show that the right existed when the lien attached; it is not enough for him to show that it was his homestead at the time of the sale.

It would appear that a stable, a horse lot, a smoke-house and the grounds connected therewith, together with the dwelling-house, would constitute the homestead; but that a store, warehouse, and the grounds connected with these, would not.

Appellees declared in ejectment for two lots in Franklin, in the county of Morgan. Defendant pleaded not guilty. Trial by court by consent, and judgment for one lot and part of the other, in behalf of the appellees.

Bill of exceptions shows, that appellees, on trial below, produced and proved judgment of said court, *fieri facias* on

26

same, sheriff's sale and deed for the premises sued for. Possession of premises admitted by appellant, and appellees rested.

Appellant produced and proved plat of his homestead. That the sheriff sold the lots in controversy by virtue of *fieri facias*. That the debt for which the appellees obtained judgment against him, was contracted after 4th July, 1851. That he was the owner of the premises indicated in the plat, at the time of the levy and sale, occupying the same as a residence with his wife and children, and that the entire premises, at that time, were not worth $1,000. That the storehouse was occupied and used by him as a merchant, sometimes individually, and sometimes by himself and partner, and that boarders in his family, who attended to business in the store, lodged therein. That there was a cellar under the "shed" referred to in the plat, where vegetables were sometimes kept for his family, and that they used the horse lot and stable.

It did not appear that the appellant was in possession of the premises at the time the judgment was rendered under which the execution was issued. The court rendered judgment as above, and the appellant excepted.

Errors assigned:

That the court below rendered any judgment against appellant.

That the court below rendered a judgment against him for a part of his horse lot, and the whole of his stable, which appertained to his homestead exemption right.

D. A. AND T. W. SMITH, for Appellant.

MORRISON & EPLER, for Appellees.

CATON, C. J. As the defendant did not prove that any portion of the premises were his homestead at the time the judgment was rendered and when the lien attached, the homestead law has no application. The proof is, that it was his homestead at the time of the sheriff's sale. He may have moved upon the premises but the week before. Had he proved his possession at the time the lien attached, the same as it was at the time of the sale, we should be inclined to hold that the dwelling-house, the smoke-house, the stable, the horse lot, and the grounds connected therewith, for domestic and family purposes, constitute the homestead, and that the store and warehouse, and the grounds used for the business done in them, did not constitute a part of the homestead. It

is impossible to say, from this bill of exceptions, how these grounds should be divided, as having been used for these several purposes. The judgment must be affirmed.

*Judgment affirmed.*