IN THE MATTER OF THE ESTATE OF JOHN PHELAN.

Under the exemption law as it existed prior to the enactment of chapter 137, Laws 1858, where the owner of a homestead removed from it, and took up another residence in the same town, not from any temporary necessity, but

with a view to the more convenient transaction of business, renting the old home, it ceased to be a homestead, though there might have been a vague intention on his part of returning to reside there again.

Such kinds of absence as are not inconsistent with the fact, that the premises still remain the residence of the owner, would not forfeit the exemption.

Chapt. 137, Laws 1858, applies only to a future removal from a homestead, and is not retrospective in its operation.

Whether, Chapt. 127, Laws of 1858, was intended to allow a debtor to remove from his homestead, and rent it to a tenant and actually take a new residence elsewhere, and still retain his former residence as exempt. *Quære*.

APPEAL from the Circuit Court for *Milwaukee* County.

Thomas M. Knox, administrator with the will annexed of the estate of *John Phelan* deceased, filed a petition in the county court for Milwaukee county, for license to sell the south one-third of Lot 11 in Block 27 in the city of Milwaukee with the appurtenances to pay the debts of the deceased, unless the family of the deceased were entitled to the same as a homestead; alleging in the petition that about the year 1854 and for a long time previous thereto, the deceased occupied the premises as a homestead and that about that time and previous to the year 1857, for temporary business purposes, the said Phelan removed from said homestead to East Water street, where he died in the month of November, 1860, and that previous to and up to the time of his death, he had no other premises to devote to the purposes of a homestead for himself and family, and that the widow of said deceased claimed the same as a homestead. After a hearing, the court decided that *Catharine Phelan*, the widow of the deceased, was entitled to the premises as a homestead and denied the application. From this decision Pfister & Vogel creditors of the deceased, appealed to the circuit court for Milwaukee county. Upon the hearing in the circuit court the evidence offered was in substance, as follows: The widow of the deceased testified that for many years previous to and including the year 1857, the deceased owned and occupied said premises as a homestead, that he died seized thereof on the 22d day of November, 1860, and that he claimed said premises as his homestead and had none other to devote

to that purpose, that he moved out of the same with a view to do a better business on East Water street, but that he always and up to the time of his death, claimed said premises as his homestead and intended to move back again and occupy them as such. The will of the deceased devising said premises to his children, and the letters of administration issued to Knox with the will annexed upon the estate of the deceased, were given in evidence. The creditors of the deceased, proved that in 1860, Phelan had proposed to mortgage said premises to secure a debt for about $500, but concluded not to do so, as he desired and intended to sell the same and invest the proceeds in his business and finally secured the debt by mortgage on his stock of goods, that Phelan removed from the premises in question in 1854, that his first wife died at his residence on East Water street in 1854 and while living there he married his present wife, and lived with her at his residence on said street to the time of his death, but never resided on the premises in question after his removal therefrom in 1854 and that his widow had never resided there until after his death, and that during his residence on East Water street the premises had been rented by him several times. The circuit court decided that the premises were not a homestead and reversed the order of the county court, and ordered a license to be issued to the administrator, to sell said premises to pay the debts of said deceased. The administrator and the widow of the deceased, *Catharine Phelan*, appealed.

*Thomas M. Knox*, for appellants.

*James G. Jenkins & Leander Wyman*, for respondents.

*By the Court*, PAINE, J. It seems clear that the premises sought to be sold, were not the homestead of the deceased. He moved from them in 1854 and never resided on them afterwards, but rented them to several tenants. We do not intend to say that even previous to the law of 1858, a departure from the homestead for temporary purposes would have forfeited the

In the matter of the Estate of John Phelan.

exemption. A man might have desired to have been absent from his home for a season, traveling with his family at the east or even visiting the old world, and it might well be said that the right of exemption would still remain, and thus, even though during such temporary absence he should allow the premises to be occupied by a tenant for hire. Such an abandonment and occupancy by another would not be inconsistent with the fact that the premises were the real and only homestead of the absent family.

But where the owner of a house and lot voluntarily removes from it and takes up another residence in the same town, not from any temporary necessity, for the purpose of repairing the homestead or otherwise, but with a view to the more convenient transaction of business elsewhere, renting the old home to other parties, it can no longer be said to be his homestead, and a vague intention to return perhaps at some future time and reside there again, would not make it such. For in the meantime, his residence, his home would be at his new abode. If this were not so, a man might rent his home here, remove with his family to California, take up a new residence there with a view to enter into business there and acquire a fortune, and yet retain his exemption here, provided he intended to return here and reside at some future time. Such kinds of absence as are not inconsistent with the fact that the premises still remain the residence of the owner, would not forfeit the exemption. But where the residence was actually changed and the old home rented for hire, the exemption ceased, because the homestead ceased. This would have been the law prior to the act of 1858, even assuming an intention to return at some future time on the part of the owner, though the weight of the evidence presented on this application negatives any such intention in this case.

It follows that the premises in question ceased to be the homestead of the deceased in 1854, and never were such afterwards. The act of 1858 was therefore inapplicable. That

act provided that the owner of a homestead under the laws of this state might remove therefrom, and such removal should not render the property liable to forced sale on execution. R. S. 1858, p. 798. Had this property been a homestead when that act was passed, the question presented would have been one of more difficulty. Whether that statute was intended to allow the debtor to remove from his homestead and rent it to a tenant, and actually take a new residence elsewhere and still retain his exemption, is a question which when it arises, will deserve serious consideration. The act was undoubtedly passed to change the law as it was established in *Hoyt vs. Howe*, 3 Wis., 753. But that was a case of alienation of the homestead and a change of the rule held in that case, so far as related to alienation, was perhaps necessary to fully accomplish the object of the exemption. But the act not only provides for that, but also that a removal from the homestead shall not render it liable to forced sale. The effect of this provision in a case where it is applicable, may not be clear, but as it is not applicable here, we are relieved from the necessity of determining it.

The judgment is affirmed, with costs.