No. 8796.

## MRS. M. M. CALVIT VS. JOHN A. WILLIAMS, TRANSFERREE.

A judgment, affirmed on appeal, recognizing a homestead right under Sec. 1691 *et seq.* R. S., constitutes *res judicata.* It continues in force until set aside. As long as it remains in force the property cannot be legally seized, and the sale can be enjoined.

Objection to the introduction of evidence under an answer to the injunction suit, averring a state of facts different from that in existence when the judgment was rendered, is well taken and the proof must be excluded.

Damages claimed for such seizure cannot be allowed.

APPEAL from the Twelfth District Court, Parish of Rapides. *Barbin,* J.

---

*M. Ryan* and *Jno. C. Ryan* for Plaintiff and Appellee.

*Robert P. Hunter* for Defendant and Appellant:

A judgment decreeing a homestead is not a final judgment. Only final judgments support the plea of *res judicata.* See 1 An. 92; 3 An. 202.

It is not transmissible to heirs. Bryant vs. Lyons, Sheriff, 29 An. 64.

Such a judgment protects the defendant in execution only so long as he continues to own and reside on the property, to be in necessitous circumstances, and to have persons *bona fide* dependent upon him for support.

If a person having such a judgment in his favor should afterwards inherit or make a fortune, would or ought that judgment to still protect the property?

If, having children at the time of the judgment, or other persons dependent on the debtor for support, and they should all die, one of the essential requisites to the protection of the homestead law would be wanting, and the creditor ought to be permitted to proceed with his execution

So if they should move off from the homestead. So, also, if the debtor ceased to reside on the homestead.

Such judgment only settles the *status quo* for the time being; is not final, and does not support the plea of *res judicata.*

So long as the same state of facts exist, the judgment is good. A change in the facts alters the status of the parties.

In the present case, when the judgment set up as *res judicata* was obtained, in 1874, the plaintiff had a son and daughter living with her. Now, the son has moved away, is married, and is supporting himself and family by teaching school; and the daughter has also married, and has a husband able and willing to support her.

"Pleas, like *res judicata,* precluding an examination of the merits, cannot be aided by inference, but must be established beyond all question. The legal presumption attaching to such an estoppel is of too grave a character to be recognized as resulting from any litigation in which its essential characteristics are not free from all doubt." Clay vs. Creditors, 9 M. 521; Fink vs. Martin, 5 An. 103.

The plea of *res judicata* is *stricti juris,* and in case of doubt is to be interpreted against the party pleading it. 3 An. 530; 4 An. 451; 7 An. 665; 18 L. 212.

The homestead law is in derogation of common right, and is to be strictly construed. 21 An. 686; 32 An. 444, 805, 979; 33 An. 240; 28 An. 667.

Section 1691, Revised Statutes, which provides for a homestead in favor of the debtor having a family, or mother, or father, or persons "dependent on him for support," means persons dependent for actual and necessary support, and not persons able to earn a living. A debtor supporting persons of the latter class is not entitled to the exemption of the homestead. Widow Lenfroy Decuir vs. E. G. Benker, 33 An. 320.

QUERY.—Do not all homestead exemptions have to be recorded, since the adoption of the Constitution of 1879?

This controversy, in other respects, is to be settled by the Homestead Act of 1865.

Calvit vs. Williams.

The opinion of the Court was delivered by

BERMUDEZ, C. J.  This is an injunction to arrest the sale of certain property seized by the defendant, claiming to be the transferree of a judgment creditor of the plaintiff.  The plaintiff alleges that the land was finally adjudicated by this Court to be her homestead, under Sec. 1691 *et seq.* of the R. S., she having children dependent upon her for support and, as such, that the property is exempt and beyond the reach of her creditors.  She claims further, three hundred dollars as damages.

The answer admits the judgment, but avers that the plaintiff, at the time of seizure herein, had no one dependent upon her for assistance ; her son having left the place, and being a teacher, earning amply to provide for his necessities ; her daughter having also moved from the place and married a man of means, who is able and bound to support her.

There was judgment for the plaintiff with an allowance of $150 as damages against the defendant, who has appealed.

On the trial the plaintiff introduced in evidence the proceedings in which the judgment invoked by her was rendered, and the execution and seizure under it.  The defendant, on the other hand, offered testimony to show himself a judgment creditor and to establish that the circumstances or state of things in existence at the time the right to a homestead was judicially recognized, had changed in this : that the son and daughter, who were dependent upon the plaintiff when the judgment was rendered, had ceased to be so.

To the admission of such proof the plaintiff objected, on the grounds that the judgment constituted *res judicata* and is a complete bar and estoppel to any inquiry or contestation over the matters of fact and law decided and determined.  The court having overruled the objection and admitted the evidence, the plaintiff took a bill.

The objection was well founded.  There can be no doubt that the judgment relied upon by the plaintiff is a final and sovereign judgment, which constitutes *res judicata*, and which cannot be attacked collaterally.  Every matter adjudicated has become a part of the record which imports absolute verity.  So long as the judgment remains in force, it is evidence of the right of plaintiff to the thing adjudged, and no legal seizure of the property can be made.  Thompson on Homesteads, pp. 715, 716.

Indeed, if such were not the case, those whom the law intended to protect from necessity and want would be constantly exposed to molestation on the part of their creditors, and, though necessitous, they would be constrained to appeal to the courts, employ counsel, incur

liability for costs, in order to claim protection against unauthorized invasion of the immunity accorded them.

The protection, instead of proving a shield, would, in the end, prove a delusion and a mockery, if not a curse.

It is a judgment which the court, by reason of its *continuing* jurisdiction over the subject matter, can revoke on a proper showing and thus render inoperative. No reservation of power to that effect was necessary in the original decree. It exists and can be exercised, as a matter of course. 15 Ohio St. 427 ; McNeil vs. McNeil, Ohio, January, 1883.

It appears that the District Judge did not consider that the evidence adduced showed a change of circumstances in plaintiff's condition, and he rendered judgment in her favor.

We allude to this merely in explanation of our decree, which does not pass upon the averments of the answer, which did not assail the judgment and ask its dissolution and avoidance. The only issue in the case was the validity of the seizure. We hold that, as long as the judgment stands, no seizure can be effected.

In relation to the claim in damages we do not think that the plaintiff is entitled to recover any. She has brought the suit for the protection of her rights. The fact that it is instituted in the form of an injunction proceeding does not enhance the merits of her demand. The law does not contemplate that such damages as are claimed should be paid by a party cast. We find no precedent for such a prayer in a case like this and do not feel authorized to establish one. It would seem that the plaintiff should remain satisfied with a judicial recognition of the immunity which she has asserted.

It is, therefore, ordered and decreed that the judgment appealed from be amended, by eliminating therefrom the damages allowed, and that thus amended it be affirmed at plaintiff's costs, appellant to pay costs of the lower court.

Fenner, J., dissents.

Manning, J., recuses himself, having been of counsel.

---

### DISSENTING OPINION.

FENNER, J. Under the plain terms of the Homestead Act of 1865, the right to exemption depends upon three conditions, which must co-exist at the moment when the exemption is claimed, viz :

1. The property must be " occupied as a residence."
2. The debtor must have " a family, or mother, or father, or person or persons dependent on him for support."
3. The property must " not exceed in value two thousand dollars." Rev. Statutes, Sec. 1691.

The law provides for, and requires no form of proceeding for setting aside and establishing a homestead. It establishes a simple right to claim exemption from seizure and sale, precarious in its nature, and dependent upon the continued co-existence of the conditions stated.

Property occupied as a residence to-day, may cease to be so occupied to-morrow. Property worth only $2,000 at one time, may, at a future date, become worth $10,000, in which case, under the terms of the law, to the extent of the excess, it would be subject to seizure and sale. The debtor who may, at one time, have had persons legally dependent on him for support, may, in the future, cease to have any such dependents.

When such changes occur, the exemption which formerly existed necessarily ceases.

The creditor, whose hand was stayed by the law as long as the exemption existed, is freed the moment that it ceases.

These principles, self-evident as they seem to me, have been recognized in numerous decisions in our sister States. Revalk vs. Kraemer, 8 Cal. 66 ; Himmelman vs. Schmidt, 23 Cal. 117 ; Reinbach vs. Walker, 27 Ill. 393 ; Brown vs. Keller, 32 Ill. 151 ; Caheen vs. Mulligan, 37 Ill. 230 ; Brown vs. Martin, 4 Bush. (Ky.) 47 ; Austin vs. Stanley, 46 N. H. 43 ; Hoyt vs. Howe, 3 Wis. 752 ; Matter of Phelan, 16 Wis. 79 ; Parker vs. King, 16 Wis. 223.

They do not find express denial in the opinion rendered by the majority of the Court. The decree against the right of the seizing creditor is based upon the effect of a prior adjudication.

What is this adjudication ?

In 1872, eleven years ago, the present creditor issued execution against Mrs. Calvit on the same judgment, under which the property now involved, being the only property then or now owned by the judgment debtor, was seized.

Mrs. Calvit presented a petition for injunction, alleging that the property was exempt under the homestead law, and setting forth the existence of the conditions entitling her to the said exemption, amongst others, that " she had persons dependent upon her for support."

The evidence established the then existence of those conditions, including the dependency of an unmarried daughter and a son in infirm health, who resided with her and were supported by her.

An injunction was issued prohibiting the defendants from doing that which was threatened, viz : selling under the execution ; which injunction, after trial, was, by final judgment, perpetuated.

After waiting eleven years, discovering that Mrs. Calvit had no longer any persons dependent on her for support, within the meaning of the law, and had thus lost her right to the exemption, the judgment

creditor issued a new execution, under which the property was again seized.

Mrs. Calvit presents a new petition for injunction, in which she alleges that the former judgment was *res adjudicata* and operated as a perpetual prohibition of the judgment creditor from seizing her property.

The judgment creditor answered, admitting the prior judgment establishing the homestead rights of Mrs. Calvit as existing at that time, but averring that the son and daughter, who were then dependent upon her, were no longer so, but that the son had married and moved away; that the daughter had also married and that her husband possessed means ample for her support; and that Mrs. Calvit had now no person dependent upon her for support.

The evidence taken in the court *a qua* clearly establishes these facts, and it seems clear to me that the debtor had no right of exemption under the law.

I cannot understand the necessity of requiring the creditor to attack and set aside the former judgment, nor the possibility of his doing so.

The judgment was correct, and its correctness is not questioned by the creditor. It simply decided that the conditions entitling Mrs. Calvit to the homestead exemption existed at that time, and enjoined the sale of her property under the *fi. fa.* then issued in violation of that right.

The issue presented in the present case is a totally different one, viz: whether the conditions entitling her to exemption exist to-day. The cause of action being thus entirely different, *res judicata* has no application.

The majority opinion does not indicate in what manner, or for what cause, or with what possible effect, the creditor could attack or set aside the former judgment, the correctness of which nobody questions, and which, indeed, has been long since fully executed by the expiring of the writ under which, and of the delays within which the sale thereby enjoined could possibly have been made.

As the matter is left under the present decision, any other creditor of Mrs. Calvit could, under the evidence produced in this record, seize and sell this property. The hands of this judgment creditor alone are tied—tied, too, forever; because, if his right to proceed depends upon his successfully attacking and setting aside, or vacating, or in any manner disturbing the former judgment, the condition precedent is an impossible one, besides being superfluous.

There exist no legal grounds upon which that judgment can be disturbed.

I, therefore, dissent.