## Webb, Sheriff, etc. v. Hollenbeck.

1. *Homesteads—Exemption from Sale on Execution.*—A party and his wife not residing in a home of their own, purchased a vacant lot on which to erect a dwelling for their family, the deed for the same being delivered to him eleven days afterward. Before the delivery of the deed he had the lot inclosed, a garden broken, the foundation for the house laid, and the lumber for its completion on the ground. About a month afterward his family moved into it, though it was not yet quite completed. About a week before the family moved into the house, a person having a justice's judgment against him, filed the same in the office of the clerk of the Circuit Court, caused an execution thereon to be issued and delivered to the sheriff, under which he levied and was proceeding to sell when he was enjoined. It was contended that because he was not, at the time the execution was placed in the sheriff's hands, residing with his family upon the lot, he had no homestead therein, but *it was held* otherwise, and the injunction made perpetual.

2. *Parties—Want of Proper Parties in Chancery Proceedings.*—A defendant in a chancery proceeding, after answer and trial, without objection, can not complain of the omission of a party which does not prejudice him.

**Memorandum.**—Bill to enjoin the sale of a homestead on execution. Appeal from a decree restraining sale, rendered by the Circuit Court; the Hon. EDWARD P. BAIL, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892, and affirmed. Opinion filed December 2, 1892.

The opinion of the court states the case.

F. M. HARBAUGH, solicitor for appellant.

W. G. COCHRAN, JOHN R. & WALTER EDEN, attorneys for appellee.

OPINION OF THE COURT, the Hon. George W. Pleasants, Judge.

Appellee filed the bill herein to enjoin the sale by appellant on execution against him of premises claimed to be exempt as his homestead. A preliminary injunction allowed by the master was, on final hearing, made perpetual.

The parties were the only witnesses and there is no dis-

pute about the facts. Appellee, residing with his wife and two children in the city of Sullivan, whether as renters or boarders does not appear, but not in a home of their own, about the first of April, 1891, purchased a half-block there, then and always before vacant, on which to erect a dwelling for his family. The deed, which was made to him and his wife, was not delivered until the 11th of that month. Before that time, however, he had the lot inclosed, a garden broken, the foundation for the house laid and the lumber for its completion on the ground, and about the middle of May moved his family into it, though it was not yet quite completed.

About a week before that, on May 8th, a judgment of a justice of the peace against him, rendered in October last preceding, in favor of the Wilson Grocery Company, was filed in the office of the clerk of the Circuit Court, and on the same day an execution was issued thereon and delivered to appellant, under which he levied upon and advertised the sale of the undivided half of said lot, as appellee's interest therein. The money appellee put into it did not exceed the sum of $4,500. All the property he then possessed did not, in value, exceed that sum. The premises as improved were worth about $850.

Appellant contends that, because at the time the execution was placed in his hands appellee was not residing with his family upon the land levied on, he had no homestead estate therein. His broad proposition is, that to be exempt from the lien of the judgment, they must at the time it takes effect, be in actual occupation, by residence thereon of the debtor and his family, as and for a homestead; in support of which he cites Reinback v. Walter, 27 Ill. 393; Tourville v. Pierson, 39 Id. 446; Chappell v. Spire, 106 Id. 472; and Rock et al. v. Haas, 110 Id. 528. These cases hold that the homestead right must exist at the time the judgment or other lien takes effect, and that its existence is not proved by the mere fact of an intention to occupy as a residence or even of an actual purchase with such intention; and they use the general description in the statute—"occupied as a

residence;" but we think neither of them attempts an exclusive definition of such actual occupation or reaches the more particular question arising on the facts here presented. Appellee, having no homestead, not only purchased the land with the intention of residing on it with his family as a homestead before the judgment lien came into existence, but immediately on such purchase took actual, open and exclusive possession, for the purpose of preparing it for such residence, did so prepare it as soon as was practicable, and as soon as it was so prepared, did so occupy it with his family. He could do nothing more, or sooner, upon his purchase, so to occupy it, than he did.

In such a case we understand that his rights under the Homestead Exemption Act attached from the time he acquired title to the lot; certainly, at least, from the time the possession was taken and used to prepare the residence. Crawford et al. v. Richeson et al., 101 Ill. 351 (366); Boyd v. Fullerton, 125 Id. 437, and authorities there cited, to which may be added Reske v. Reske, 51 Mich. 541.

Appellant also urges two technical points, viz: That the allegations of the bill do not support the decree, nor show a right to any relief, and that the plaintiff in the execution was not made a party defendant.

The bill averred that complainant "purchased said real estate on the 11th day of April, 1891, and took possession thereof on said day, and now occupies said premises with his family as a homestead," and charges that defendant is proceeding to sell the premises regardless of the law of this State exempting homesteads. It is said that this is not an averment that the premises were complainant's homestead on the 8th of May when the judgment became a lien, or of any fact which would show it was. Literally and strictly taken, perhaps it is not. Defendant, however, did not see fit to demur, but answered, *denying* the fact as if it had been averred, and the case was tried and evidence received as if that were the issue. We think it too late now to urge that objection to the decree.

Nor can he, after such answer and trial without objection

of the want of proper parties, complain of the omission of the Wilson Grocery Company. It did not prejudice appellant, nor does the decree directly affect the grocery company. Decree affirmed.