In re Dorothy WASHINGTON, Debtor.

Bankruptcy No. 3–81–00836.

United States Bankruptcy Court, W. D. Kentucky.

Oct. 27, 1981.

J. Baxter Schilling, Louisville, Ky., for trustee.

James P. Green, Louisville, Ky., for debtor.

## MEMORANDUM AND ORDER

STEWART E. BLAND, Bankruptcy Judge.

This bankruptcy case comes before the Court on objection of the trustee wherein the trustee contends that the debtor is not entitled to claim a homestead exemption in a house and lot listed in Schedule B–1 and claimed exempt pursuant to KRS 427.060.

The facts pertaining to this matter are not controverted. The debtor filed a voluntary petition in bankruptcy on March 30, 1981. The debtor's address as listed on that petition was 2708 Hale Avenue, Louisville, Kentucky. In Schedule B–1, pursuant to the bankruptcy petition, ownership of two parcels of real property are indicated. One parcel is the Hale Avenue residence and another parcel is located at 862 South 25th Street, Louisville, Kentucky. Both of the real estate properties are claimed exempt in Schedule B–4 of the petition.

At a hearing regarding this matter on May 27, 1981, it was ascertained that the daughter of the debtor resides at the South 25th Street real property, together with the daughter's child or children, and that this property is claimed as a homestead exemption.

In essence, the trustee maintains that a homestead exemption may be claimed in the property that the debtor uses as permanent residence but objects to a homestead exemption in the property which serves as a residence of the daughter.

The resolution of the allowability of the debtor's claimed exemption in the home dictates a determination of her status as a "permanent resident" or whether there is in permanent residence a "dependent" of the debtor. Initially it must be decided whether the debtor can be classified as a "permanent resident" of the home under the facts presented and within the meaning of the applicable statute. A definition of what constitutes a "permanent residence" is neither found in the statute nor has this Court found any decisional law interpreting these words as applied to this statute. Therefore, the Court must resort to an analysis of this term as it exists both in common usage, and as the words have been utilized in other statutory enactments.

In reaching a decision the Court is guided by the conclusion, absent clear legislative intent, that each case must be determined within the particular language of the statute and the circumstances giving rise to the question. Consequently, it seems reasonable to conclude the words "permanent residence" may have a variety of meanings depending upon the context in which the term is used. Mere occupancy might be all the law requires in order to meet the intention of one statute, while to gratify the objective of another statute it may be necessary to find residence to be more than a place of sojourn, and to be all that the word "domicile" means in its strictest and most technical application.

For example, in *Carpenter v. Commonwealth*, 256 S.W.2d 509 (Ky.1953), the Kentucky Court of Appeals, in interpreting the residency requirements of Kentucky domestic relations statutes, found that:

> The two terms (domicil and residence) are not synonymous. Although used interchangeably, they have a separate and distinct meaning. "Domicil" has a broader meaning than 'residence'. It includes residence but actual residence is not essential to retain domicil after it is once acquired. Residence is preserved by act; domicil by an act coupled with intent. While one may have only a single domicil, he may have several residences. At 510.

A federal judge, in determining the residency requirements for students who sought to vote in Kentucky elections defined the term "residence" to imply a mere physical presence which may or may not be transient in character, and further reasoned that "domi-

cil" was a "... place where a person intends to reside permanently." The Court concluded that, "In Kentucky, residency for the purpose of voter registration, is synonymous with the legal concept of domicil." *Bright v. Baesler*, 336 F.Supp. 527, 529 (E.D.Ky.1971), citing *Coleman v. Coleman*, 243 Ky. 279, 47 S.W.2d 1034 (1932).[1]

Expressed differently, residence was defined by the Florida Appellate Court, in *Engel v. Engel*, 97 So.2d 140 (Fla.App.1957). There the Court stated that, "Whether speaking of domicile or residence and whether treating them as synonymous or not, the basic thought is that a man's home is where he makes it and that he intends to make it where in fact he does." The Court went on to state that "[t]he concept of 'permanency' when used in this sense means the presence of the intention to reside at that particular place for an indefinite period of time." At 142. See also *Southeastern Greyhound Lines v. Conklin*, 303 Ky. 87, 196 S.W.2d 961 (Ky.1946).

█ One of two elements must be present to establish a homestead exemption in Kentucky—the claimant must "permanently reside" at the particular location or a dependent of the claimant must make it his permanent residence. It is evident that the legislative drafters amending the statute, by deleting the term "head of household" and substituting it with the requirement that the claiming debtor permanently reside at the property being asserted exempt, intended that the occupancy be more than a mere sojourn. It is doubtful that the writers of the statute would have ignored Kentucky decisional law; and in fact, it appears that the legislature chose the words to achieve a clear congressional objective. Therefore, to satisfy the intention and requirements of KRS 427.060, it is the conclusion here that "permanent residence" means "domicile".

It is now necessary to determine whether the debtor can prevail under the dependency alternative pursuant to KRS 427.060, which provides the allowance of the exemption if occupancy is by a dependent of the debtor. A definition of the term "dependent" is not found in the statute; thus we must again rely on other judicial intepretations of the word and on federal law. Although the Commonwealth, in the exercise of its authority granted in 11 U.S.C. § 522(b)(1), did enact legislation on April 9, 1980, denying to its citizens the benefits delineated in subsection (d) of 11 U.S.C. § 522, nevertheless, all other provisions contained therein continue to be applicable. Specifically, § 522(a) defines "dependent" to include "the debtor's spouse, whether or not actually dependent." As the word "include" is not limiting, 11 U.S.C. § 102(3), and in furtherance of the legislative intent of providing a fresh start, we must delve further into other possible applications.

Additional meaning can be found in the Uniform Exceptions Act which defines "dependent" to be "... an individual who derives support primarily from another individual." Section 1(2).

In interpreting the Revenue Act of 1932, § 25(d), 47 Stat. 184, the California Court of Appeals found that "[t]he words "dependents" and "dependent upon" in provisions of income tax law as to credit for dependents, import on their face the orthodox conception of dependency as dependency in material degree for support, maintenance or assistance on one whose obligation to furnish it rests on moral, legal or equitable grounds, not purely voluntary or charitable impulses or dispositions." *Morrell v. Commissioner of Internal Revenue*, 107 F.2d 34, 36 (C.C.A.).

For purposes of the Workmen's Compensation Act, a "dependent" has been defined as one who looks to another for support and maintenance; one who is in fact dependent; one who relies on another for reasonable

1. See *Everman v. Thomas*, 303 Ky. 156, 197 S.W.2d 58 (Ky.1946). The Kentucky Court of Appeals, in interpreting residency for purposes of voting, applied the same reasoning as followed in *Bright* by defining the word "reside"

as used in Section 145 of the Constitution, and "residence" as used in KRS 117.020 to be the equivalent to "legal domicile" as distinguished from a place of actual abode.

necessities of life. *Federal Cement & Tile Co. v. Pruitt*, 146 N.E.2d 557, 560, 128 Ind. App. 126. However, where an adult son of a deceased employee covered by the Act is not a legal dependent of the deceased employee and is wholly self-supporting or is wholly able to provide himself with all necessaries that are of pecuniary value without aid of the deceased employee, he is not eligible as a "dependent" for the death benefit. *Fox-Vliet Wholesale Drug Co. v. Chase*, Oklahoma, 288 P.2d 391, 393–394.

Under the federal statute authorizing recovery for death for benefit of next of kin dependent upon deceased interstate railroad employee under the Federal Employers' Liability Act, § 1, 45 U.S.C.A. § 51, "dependence" may be founded upon a merely moral obligation resting upon the deceased to render such aid, since a "dependent" is one who is sustained by another or relies for support upon the aid of another, to whom he looks for reasonable necessaries consistent with the dependent's position in life, and whether one is a dependent is a question of fact. *Soderstrom v. Missouri Pac. R. Co.*, Mo. App., 141 S.W.2d 73, 79.

 It is well-settled that while the purpose of the homestead exemption is favored, the debtor must bring himself within the letter and spirit of the provision. *Tyler's Ex'r v. Williamson*, 237 Ky. 579, 36 S.W.2d 34 (Ky.1931). The existence of "homestead" depends on the facts of the particular case viewed in light of controlling principles adjudged by the court. Likewise, the existence of homestead must be decided on evidence adduced and on the intention and purpose of the claimant. *Brewer v. Brewer*, 268 Ky. 625, 105 S.W.2d 582 (Ky.1937).

The Court concludes that the statutory provisions for homestead exemptions satisfy a proper legislative objective by providing the debtor and the debtor's dependents with an opportunity for a new financial start, and it is encumbent upon the courts to liberally interpret and construe them so that the end sought to be accomplished may not be defeated. However, a statute may not receive such broad and liberal interpretation and construction as to place its meaning beyond the scope of the apparent legislative purpose.

It appears from the record that a factual determination is necessitated as to whether or not the daughter qualifies as a dependent so as to enable the debtor to claim a homestead exemption in the property which serves as a residence of the daughter.

WHEREFORE, IT IS ORDERED AND ADJUDGED that an evidentiary hearing is set on *November 17, 1981, at 4:00 p. m., at 410 U. S. Courthouse, 601 West Broadway, Louisville, Kentucky 40202.*