### In the Matter of Donald Murray BROESCH, Debtor.

### Bankruptcy No. 83–02141.

United States Bankruptcy Court, E.D. Wisconsin.

Nov. 8, 1983.

John M. Scaffidi, Rinehart and Rudd, Milwaukee, Wis., for trustee.

Jack Shlimovitz, Ludwig and Shlimovitz, Milwaukee, Wis., for debtor.

### MEMORANDUM DECISION

C.N. CLEVERT, Bankruptcy Judge.

Bankruptcy trustee, John M. Scaffidi, objected to the Wisconsin homestead exemption claimed by Donald Broesch (Broesch) on the ground that he did not *occupy* the property as required by § 815.20, *Wis.Stat.*[1]

---

1. Homestead exemption definition.

(1) An exempt homestead as defined in s. 990.01(14) selected by a resident owner and occupied by him shall be exempt from execution, from the lien of every judgment and from liability for the debts of such owner to the amount of $25,000, except mortgages, laborers', mechanics' and purchase money liens and taxes and except as otherwise provided. Such exemption shall not be impaired by temporary removal with the intention to reoccupy the premises as a homestead nor by the sale thereof, but shall extend to the proceeds derived from such sale to an amount not exceeding $25,000, while held, with the intention to procure another homestead therewith, for 2 years. Such exemption extends to land owned by husband and wife jointly or in common, and when they reside in the same household may be claimed by either or may be divided in any proportion between them, but in no event shall the exemption exceed $25,000 for such household. In the event the husband and wife fail to agree on the division of exemption, the exemption shall be divided between them by the court in which the first judgment was taken. Such exemption extends to the interest therein of tenants in common, having a homestead there-

This matter was, therefore, brought on for a hearing on October 18, 1983, during which Broesch was called adversely, the court received exhibits and the parties argued their positions.

The facts they presented may be summarized as follows: Donald Broesch is a certified public accountant who practices in Menomonee Falls, Wisconsin. When he filed his bankruptcy petition on June 8, 1983, he was living in two places. During his four day work week he was living in a condominium apartment he owned in Menomonee Falls and from Friday through Sunday he was living in a cottage in Minocqua, Wisconsin, which is approximately 257 miles north of Menomonee Falls.

Broesch and his wife purchased the Minocqua cottage in April of 1978 and thereafter used it as a weekend and vacation home for themselves and their children, while maintaining a single family residence in Menomonee Falls.

In December of 1980, Broesch and his wife separated and he moved into an apartment in Menomonee Falls with a friend. When that living arrangement did not work out Broesch purchased and moved into his own Menomonee Falls condominium apartment around August 5, 1981.

At about the time that Broesch separated from his wife, his accounting partnership split and he began a sole proprietorship in Menomonee Falls in order to continue serving many of his old clients. In April of 1982, Broesch's wife filed divorce proceedings and during the summer of 1982 Broesch had a $60,000 judgment filed against him. Broesch also sold his accounting business effective September of 1982 and, as a condition of the sale, entered a three year employment contract which required him to work for the purchasers until August 31, 1985.

In connection with their divorce, which became final on March 21, 1983, the Broeschs entered a stipulation which referred to the house in Menomonee Falls as the homestead property and provided, among other things, that the wife be awarded full ownership of that property. The stipulation also provided that Broesch be awarded full ownership of the Menomonee Falls condominium property, the Minocqua "cottage property", certain household furniture and furnishings located in Minocqua and the condominium, five boats, several snowmobiles, two shore stations located in Minocqua and other items of personalty.

The divorce court approved the stipulation and found, among other things, that Broesch resided in Minocqua. Nevertheless, Broesch testified that it was not until after his divorce became final that he went to Minocqua to "investigate" making that his home. He further testified that he did not register to vote in Minocqua until two days after he filed his bankruptcy petition; that his 1982 tax returns listed Minocqua as his residence; that about ⅔ of his three day weekends were spent in Minocqua; and that his adult son spent the last summer living in the cottage. Broesch also stated that the condominium was under foreclosure and was sparsely furnished as compared with the Minocqua cottage.

After carefully considering the evidence in this case, the court finds that Broesch occupied the Minocqua cottage as a homestead and that the trustee's objection to the allowance of his claimed exemption must be denied.

■ In making this finding the court is rejecting the trustee's argument that the debtor's Menomonee Falls condominium apartment was his homestead. Although Wisconsin law presumes that a person's home is the place where he resides, the presumption is rebuttable. *Jarvais v. Moe*, 38 Wis. 440, 446 (1875). And to the extent

---

on with the consent of the cotenants, and to any estate less than a fee.

(2) Any owner of an exempt homestead against whom a judgment has been rendered and docketed, and any heir, devisee or grantee of such owner, or any mortgagee of such home-

stead, may proceed under s. 806.04 for declaratory relief if such homestead is less than $25,-000 in value and the owner of such judgment shall fail, for 10 days after demand, to execute a recordable release of such homestead from his judgment lien.

that that presumption *may be* applicable in this case it has been clearly rebutted.

 First and foremost, Broesch claimed to have purchased the condominium apartment as an investment; secondly, it did not have any equity in it; and thirdly, the condominium was on verge of foreclosure prior to bankruptcy. Furthermore, Broesch never furnished the apartment as a permanent residence, even though he was a man of some means with a house full of furniture in Minocqua. In addition to that, Broesch got sole ownership of the cottage in March of 1983; he travelled to the cottage in April with the intention of making it his home; he thereafter moved additional furnishings into the cottage so that his minor children might have ample accomodations when they visited; and he stayed in the cottage almost every weekend between the date his divorce became final and the date he filed bankruptcy. The use of the cottage address on the tax returns Broesch filed following his divorce gave further support to rejection of the trustee's position.

The court feels that, some comment should be made on the trustee's suggestion that it is unreasonable to allow Broesch to claim a homestead which is more than 257 miles from his place of employment. Wisconsin has long preserved homesteads in cases where circumstances have required homeowners to be away for extended periods of time and the homeowners have demonstrated a bona fide intention to reoccupy the premises. *Jarvais v. Moe,* 38 Wis. at 443; *In re Phelan,* 16 Wis. 79 (1862).

There was no reason for this court to reach a different decision in this case merely because Broesch's job is 257 miles from his home and it is necessary for him to stay close to work at least four days a week. Broesch's living arrangement appears to be temporary and the result of an employment contract that will expire in August of 1985. But even if the arrangement is not temporary and Broesch continues to occupy the cottage—albeit on a part-time basis—he would, in the absence of other evidence to the contrary, preserve the exemption.

In view of the foregoing, the court does hereby allow the Wisconsin homestead exemption heretofore claimed in this case.