**In re Arlis McMAHON, Sue Carol McMahon, Debtors.**

**Bankruptcy No. 3–85–02010.**

United States Bankruptcy Court, W.D. Kentucky.

May 5, 1986.

Recent authority in this circuit may bear on that question. *See Boone Coal & Timber Co. v. Polan,* 787 F.2d 1056 (6th Cir.1986).

Glenn Schilling, Louisville, Ky., Trustee.

Bryan N. Coomer, Louisville, Ky., for debtors.

## MEMORANDUM OPINION

G. WILLIAM BROWN, Bankruptcy Judge.

This matter comes before the Court for resolution of the issue of whether the debtors are entitled to claim a homestead exemption in a 78′ houseboat and two boat dock slips. The Trustee has objected to the exemption and the Court held a hearing on the Trustee's objection on January 3, 1986.

The debtors filed the within Chapter 7 petition on August 20, 1985. In Schedule B–4, the debtors claimed their 1968—78′ Kelly houseboat as their joint homestead exemptions. On September 30, 1985, an Order was entered lifting the automatic stay on the houseboat as to the first and second mortgage holders. Thereafter, on October 28, 1985, an Order was entered approving the Trustee's abandonment of the houseboat. On November 19, 1985 the debtors filed an amendment to Schedule B–4 to claim the houseboat and two boat dock slips as their joint homestead exemptions. There was an additional amendment filed which listed the deed book recordation of the boat slips. The Trustee objected to the exemption, arguing that the combined houseboat and boat docks do not qualify as the debtors' homestead.

In order for the houseboat and boat slips to qualify as the debtors' homestead, they must do so under the Kentucky exemption statute, K.R.S. 427.060, which states in pertinent part as follows:

> In addition to any exemption of personal property, an individual debtor's aggregate interest, not to exceed $5,000.00 in value, in real or personal property that such debtor ... uses as a permanent residence in this state ... is exempt from sale under execution, attachment or judgment. . . .

The only issue raised is whether the houseboat and boat slips together can qualify as the debtors' permanent residence. The Trustee argues that, separately, neither the boat dock slips nor the boat itself can create a homestead. He further argues that the docks cannot be used as a

**634**

home without the boat, but implies that the boat could be used as a home without the docks. We find such a position to be without merit in view of the fact that the boat dock is what provides the houseboat with the necessary utilities. The Trustee further implies that there was some improper motive by the debtors inasmuch as the amendment to include the boat docks as part of their homestead occurred after the Trustee had abandoned the houseboat. We can find no support in the record for this allegation and, therefore, must disregard it. In fact, there is evidence that proves that at the time the Trustee abandoned his interest in the houseboat, he was aware that the debtors were going to amend and claim the houseboat and two boat dock slips as their homestead exemption. The Order approving the abandonment was entered on October 28, 1985. In the Trustee's Motion to Employ Attorneys, filed on September 25, 1985, he moved the Court to approve the appointment of Schilling and Schilling as attorneys for the Trustee on various grounds, including that "The Trustee also anticipates a legal dispute with the Debtors herein over the proper designation of their Homestead Exemption which may involve a case of first impression in this district."

The Court further notes that the debtors have no equity in the houseboat, as the amount owed to Stockyards Bank and the Bank of Commerce on the houseboat, was clearly in excess of its value.

 It is well-established that exemption laws in favor of the debtor are to be liberally construed. *In re Bennett*, 36 B.R. 893, 894 (Bkrtcy., W.D.Ky.1984). However, the debtor must bring himself within the letter and spirit of the provision. *Tyler's Ex'r v. Williamson*, 237 Ky. 579, 36 S.W.2d 34 (1931); *In re Washington*, 17 B.R. 52 (Bkrtcy., W.D.Ky.1981). The existence of "homestead" depends on the facts of the particular case viewed in light of controlling principles adjudged by the court. Likewise, the existence of homestead must be decided on evidence adduced and on the intention and purpose of the claimant. 17 B.R. at 55; *Brewer v. Brewer*, 268 Ky. 625, 105 S.W.2d 582 (1937). Further, the *Washington* Court concluded that:

> "the statutory provisions for homestead exemptions satisfy a proper legislative objective by providing the debtor and the debtor's dependents with a new financial start, and it is incumbent upon the Court to liberally interpret and construe them so that the end sought to be accomplished may not be defeated. 17 B.R. at 55.

 The term "homestead" in the popular sense signifies the family dwelling house and appurtenant lands used in connection therewith; but in the statutory sense, "homestead" means the land on which the owner's dwelling house is located. *Kelly v. Kelly's Ex'r*, 299 Ky. 861, 186 S.W.2d 902 (1945). Looking at the facts of this particular case, we find the debtors herein to be within the "letter and spirit" of the law in claiming this homestead exemption. First, the debtors have lived on the houseboat since October, 1984; they have no other residence of which we are aware. Secondly, the boat dock slips are real estate to which the debtors have a properly recorded title in Oldham County, Kentucky. Thirdly, the boat dock slips are an integral part of their maintaining a residence on the houseboat, by providing the necessary utility hookups. Fourthly, we think this case is analogous to a debtor claiming as his homestead exemption a mobile home and the real estate upon which it is constructed or rests. Lastly, we note that the purchase of the boat dock slips is somewhat analogous to the purchase of a condominium. The homestead exemption applies to condominiums in the same manner as it applies to other property, pursuant to K.R.S. 381.875. In view of the principle that the exemption laws are to be liberally construed in favor of the debtor, we find that both the houseboat and the two boat dock slips comprise the debtors' permanent residence and qualify for the homestead exemption pursuant to K.R.S. 427.060.

The above constitutes Findings of Fact and Conclusions of Law pursuant to Rules of Bankruptcy Procedure 7052. A separate Order will be entered this date.