**In re Shirl John LAUBE, Jr., Debtor.**

**Bankruptcy No. 92–33733–7.**

United States Bankruptcy Court, W.D. Wisconsin.

March 16, 1993.

Steven L. Vollmer, Grutzner, Holland & Vollmer, Beloit, WI, for debtor.

Patricia M. Gibeault, Axley Brynelson, Madison, WI, for trustee.

## MEMORANDUM DECISION

ROBERT D. MARTIN, Chief Judge.

This case presents an issue of first impression: whether a semi truck cab qualifies as an exempt homestead under Wis. Stat. § 815.20(1). The debtor, Shirl John Laube, Jr. ("Laube") has been an over-the-road truck driver employed by A & H Inc. in Footville, Wisconsin for 26 years. Laube owns a 1988 Kenworth Aerodyne Tractor. It is 250 inches long and is equipped with a sleeper berth which contains a bunk bed, refrigerator, television, radio, heater and air conditioning. It does not have a bathroom or cooking facilities.

Each Monday, Laube sets out in the tractor to pull a refrigerated trailer filled with cheese to New York. He makes a delivery on Wednesday and returns to Wisconsin on Friday. On weekends, Laube uses the tractor for hauling milk in Wisconsin. He has no income except that produced with his tractor.

The extensive trucking logs kept by Laube show that since March 1, 1992, Laube has used the cab-tractor as his primary shelter. Laube sometimes eats in the cab. He visits with people and completes his trucking forms in the cab. He sleeps in the sleeper berth of the tractor most of the time. A few days of each month, when Laube is off-duty, he sleeps at his sister's house in Footville. At his sister's house, Laube visits with his children under visita-tion rights granted pending his divorce. Laube also uses his sister's address as his primary mailing address. While out East, Laube occasionally (approximately once each month) stays at a hotel when alternative means of bathing are not readily available.

Laube owns a house in Evansville, Wisconsin, with a wife from whom he is separated and in the process of obtaining a divorce. Mrs. Laube has had exclusive use of the Evansville house and real estate since March 1, 1992 when Laube took up residence in his truck cab. A judgment of foreclosure was entered against the Evansville real estate on September 21, 1992.

Laube filed a Chapter 7 bankruptcy petition on November 25, 1992. At the time of filing, the tractor was valued at $30,000, subject to a $12,876.80 security interest in favor of his employer, A & H Inc. Laube claimed the $17,123.20 equity as an exempt homestead pursuant to Wis.Stat. § 815.-20(1). A hearing on the trustee's objection to the characterization of the tractor as a homestead was completed January 19, 1993.

Pursuant to 11 U.S.C. § 522(b), an individual debtor may exempt from the bankruptcy estate property classified as exempt under either federal or state law. Laube chose the Wisconsin scheme of exemptions. Section 815.20 provides in relevant part that:

> (1) An exempt homestead as defined in s. 990.01(14) selected by a resident owner and occupied by him or her shall be exempt from execution, from the lien of every judgment and from liability for the debts of the owner to the amount of $40,000....

Wis.Stat. § 815.20(1).

Wisconsin has a public policy of protecting the homestead exemption and homestead statutes have enjoyed particularly liberal construction. *Matter of Neis*, 723 F.2d 584, 587 (7th Cir.1983) (citing *Schwanz v. Teper*, 66 Wis.2d 157, 223 N.W.2d 896 (1974)). As stated by the Wisconsin Court of Appeals, "homestead statutes are remedial legislation and, as such,

are to be liberally construed in favor of the debtor." *State Central Credit Union v. Bigus,* 101 Wis.2d 237, 241, 304 N.W.2d 148 (Ct.App.1981).

According to Wisconsin's rules of construction, "technical words and phrases and others that have a peculiar meaning in the law shall be construed according to such meaning." Wis.Stat. § 990.01(1). Under Wisconsin law, "exempt homestead" is a "dwelling, including a building, condominium, mobile home, house trailer or cooperative...." Wis.Stat. § 990.01(14).

Clearly, a truck cab is not a building, condominium, house trailer or cooperative. Furthermore, it is not a mobile home.[1] Although unquestionably mobile and arguably a home, Laube's truck cab is not a vehicle designed to be towed as a single unit or in sections upon a highway by a motor vehicle.

Is it a "dwelling" under § 990.01(14)? The word "dwelling" is not defined in the Wisconsin statutes pertaining to the homestead exemption.[2] In construing words which do not have a peculiar meaning in the law, the court is directed to use "common and approved usage." Wis.Stat. § 990.01(1). "What is common and approved can be established by the definition from a recognized dictionary." *Farm Credit Bank of St. Paul v. Gibson,* 155 Wis.2d 325, 329, 455 N.W.2d 674 (Ct.App. 1990), *review denied* 457 N.W.2d 324 (1990), (citing *Milwaukee County v. DILHR,* 80 Wis.2d 445, 450, 259 N.W.2d 118, 121 (1977)).

In the 1986 unabridged version of Webster's Third New International Dictionary, a "dwelling" is "a building or construction used for residence." Webster's Third New Int'l Dictionary 706 (1986). A "construction" is "something built or erected." *Id.* at 489. A 1972 version of Webster's, which Laube relied on at the hearing, defines a "dwelling" as "a building or other shelter in which people live." Webster's Seventh New Collegiate Dictionary 259 (1972). A "shelter" is "something that covers or affords protection especially from the elements." Webster's Third New Int'l Dictionary 2093 (1986). The American Heritage Dictionary is even more generous in its definition: a "dwelling" is "[a] place to live in; abode." American Heritage Dictionary 431 (2d College ed 1982). Rather circularly, an "abode" is defined as "[a] dwelling place or home." *Id.* at 67.

Regardless of the dictionary used, the term "dwelling" appears to be broad enough to include a cab-tractor which is used as a primary residence. It is a "construction" which provides protection from the elements, and is a "shelter." As contemplated by the definitions of "dwelling," Laube currently resides in his cab-tractor and has resided there since March 1, 1992. Not only does Laube sleep in his cab-tractor five or six nights per week, he eats, visits with friends and completes his trucking paperwork there.

In addition to the language and the policy of Wisconsin's exemption statute, "the creation of a homestead is a fact-bound question based primarily on a determination of the owner's intent." *In re Mann,* 82 B.R. 981, 984 (Bankr.W.D.Wis.1986) (citing *Matter of Neis,* 723 F.2d 584, 589 (7th Cir.1983)). Laube's testimony at the hear-

---

**1.** Chapter 990 does not define "mobile home;" however, Chapter 340, governing vehicles, defines a mobile home as "a vehicle designed to be towed as a single unit or in sections upon a highway by a motor vehicle and equipped and used or intended to be used, primarily for human habitation, with walls of rigid uncollapsible construction." Wis.Stat. § 340.01(29).

**2.** Although not directly applicable to this case, the word "dwelling" is defined under various chapters of the Wisconsin statutes as "any building that contains one or 2 dwelling units." Wis. Stat. § 101.61(1) (One-and 2–Family Dwelling Code). A "dwelling unit" is defined as "a struc-

ture or that part of a structure which is used or intended to be used as a home, residence or sleeping place by one person or by 2 or more persons maintaining a common household, to the exclusion of all others." *Id.; see also* Wis. Stat. §§ 75.143, 75.195, 75.521(3m) (Tax Sales); § 101.71(2) (Manufactured Building Code); § 151.01(2) ("'Dwelling' means any structure, all or part of which is designed or used for human habitation.") (Prevention of Lead Poisoning and Lead Exposure); § 138.056 ("'Dwelling' includes a cooperative housing unit and a mobile home....") (Money and Rates of Interest).

ing and his conduct since March 1, 1992, clearly establishes his intent to maintain his truck cab as his homestead.

Other courts have addressed whether nontraditional residences may be exempted under the applicable homestead statute. In *In re Scudder*, 97 B.R. 617 (Bankr.S.D.Ala. 1989), the court held that a debtor's houseboat was a homestead for purposes of Alabama's homestead exemption statute. Specifically, the court found that a houseboat was a "similar dwelling" under the statute which provided a homestead exemption for "a mobile home or similar dwelling." *Id.* at 618–619; *see also In re McMahon*, 60 B.R. 632 (Bankr.W.D.Ky.1986) (houseboat and two boat dock slips qualify as a homestead under Kentucky statutes).

 Laube's homestead exemption is not defeated by his periodic visits to his sister's house or his occasional hotel stays. As stated in § 815.20(1), "[t]he exemption shall not be impaired by temporary removal with the intention to reoccupy the premises as a homestead ..." Wis.Stat. § 815.20(1). *See also Matter of Broesch*, 34 B.R. 554 (Bankr.E.D.Wis.1983).[3] Like the debtor in *Broesch*, Laube is drawn away from his claimed homestead a few days each month by circumstances that justify his temporary removal. Laube spends five or six days per week occupying his cab-tractor. The debtor in *Broesch* spent approximately three days each week occupying the cottage which he claimed as an exempt homestead.

Laube's homestead exemption is also not defeated by the absence of real estate. Section 990.01(14) states that " 'exempt homestead' means the dwelling ... and so much of the land surrounding it as is reasonably necessary for its use as a

home, but not less than 0.25 acres, if available, and not exceeding 40 acres...." Wis.Stat. § 990.01(14). By allowing an exemption in "so much of the land ... as is reasonably necessary for its use as a home," Wisconsin recognizes that debtors may claim a homestead exemption despite not owning any real estate. Laube's cab-tractor does not require any realty for its use as a home. Section 990.01(14) does not require that the homestead be connected to realty.

The trustee argues that Laube's cab is not a homestead because it lacks a bathroom and cooking facilities. It is true that the truck cab is not a totally self-contained living environment. It provides shelter from the elements and a place to sleep and eat. It is equipped with a heater and air conditioning, a bunk bed, a refrigerator, a radio and a television. Moreover, because of the nature of Laube's employment and life style, bathroom facilities and eating establishments are readily available to Laube. Although *Scudder* and *McMahon* suggest that whether the home is a self-contained living environment may be a factor in the determination that particular property is a homestead,[4] nothing in the Wisconsin homestead statutes requires a dwelling to have bathroom and cooking facilities.

For the reasons stated herein the trustee's objection to the debtor's exemption is overruled.

---

**3.** In *Matter of Broesch*, 34 B.R. 554 (Bankr. E.D.Wis.1983), the court allowed a homestead exemption in a cottage located 257 miles from the debtor's place of employment although the debtor only resided there approximately three days each week. Holding that the debtor occupied the cottage to the extent necessary to claim an exempt homestead under Wis.Stat. § 815.-20(1), the court reasoned that "Wisconsin has long preserved homesteads in cases where circumstances have required homeowners to be away for extended periods of time and the

homeowners have demonstrated a bona fide intention to reoccupy the premises." *Id.* at 556 (citing *Jarvais v. Moe*, 38 Wis. 440, 443 (1875); *In re Phelan*, 16 Wis. 79 (1862)).

**4.** *See In re Scudder*, 97 B.R. 617, 619 (Bankr. S.D.Ala.1989) (houseboat was fully equipped for on board living); *In re McMahon*, 60 B.R. 632, 634 (Bankr.W.D.Ky.1986) (together, houseboat and boat dock slips providing necessary utility hookups qualify as a homestead).