In re Estelle BLECKER, Debtor.

Estelle BLECKER, Plaintiff,

v.

Martin SIMMS, Irving Duboff, Mildred Duboff and Helen Tanos Hope, Defendants.

Bankruptcy No. 79–01361–BKC–SMW. Adv. No. 80–0006–BKC–SMW–A.

United States Bankruptcy Court, S. D. Florida.

Feb. 28, 1980.

Jerry Markowitz, Miami, Fla., for plaintiff.

Helen Tanos Hope, Miami, Fla., pro se.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE coming on to be heard upon a Complaint To Avoid Judicial Lien filed herein, and the Court having heard the testimony and examined the evidence presented; observed the candor and demeanor of the witnesses; considered the arguments of counsel, and being otherwise fully advised in these premises, does hereby make the following Findings Of Fact And Conclusions Of Law:

This Court has jurisdiction over the parties hereto and the subject matter hereof.

ESTELLE BLECKER, Debtor and Plaintiff in this Adversary Proceeding, filed her Complaint in accordance with Section 522(f) of the Bankruptcy Code seeking to avoid the fixing of a Lien on property of the Debtor which is exempt under Section 522 of the Code. The Complaint, along with a Summons And Notice Of Trial, was served on each Defendant by certified mail, return receipt requested, and proof of service has been duly filed with the Court by Plaintiff's counsel. None of the Defendants either filed an Answer or appeared at Trial on February 19, 1980.

At Trial, Plaintiff testified that she and her spouse had lived continuously for the last three (3) years in Apartment Unit 1805, Tower 1, South Building of Del Prado Condominium; that the Apartment Unit was the family home and permanent residence of the Debtor and her spouse; and that the Debtor neither owned nor occupied any other residential real property. Plaintiff further introduced into evidence a certified copy of a Final Judgment entered September 12, 1975, in the Circuit Court of the Eleventh Judicial Circuit of Florida, Case No. 74–35080, which Judgment has been recorded in the Official Records of Dade County, Florida.

Based on the foregoing, the Court finds that the said Condominium Apartment Unit owned and occupied by the Debtor and her spouse is homestead property within the meaning of the Statutes and Constitution of the State of Florida; that such homestead property is exempt property pursuant to Section 522 of the Bankruptcy Code; that the aforesaid Judgment of record in favor of Defendants represents, or may represent, a Judicial Lien upon the said homestead real property; and that such a Lien impairs an exemption to which the Debtor is entitled under Section 522(b) of the Code. Accordingly, upon the Debtor's Complaint, the Debtor is entitled to avoid the fixing of such a lien upon its exempt homestead real property in accordance with Section 522(f) of the Code.