**In re James Allen SCUDDER, Debtor.**

**No. 88–01147.**

United States Bankruptcy Court, S.D. Alabama.

Jan. 27, 1989.

---

Irvin Grodsky, Mobile, for debtor.

Theodore L. Hall, Mobile, trustee.

## ORDER

ARTHUR B. BRISKMAN,
Bankruptcy Judge.

This matter came before the Court on the Objection of the Trustee to the Debtor's claimed exemptions. Appearing were Irvin Grodsky, attorney for the Debtor, and Theodore L. Hall, Trustee and attorney for the Trustee. Having duly considered the evidence and arguments of counsel, the Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

1. James Allen Scudder (the Debtor) purchased a 57-foot houseboat in 1980. He brought the houseboat, which he named "Doctor's Orders", to Mobile in 1986.

2. The Debtor moored "Doctor's Orders" at the River Yacht Basin Marina in Mobile from April, 1986, until the present time. Although the Debtor's employment as an airplane pilot sometimes took him out of Mobile, he lived on board "Doctor's Orders" when he was in Mobile.

3. The houseboat "Doctor's Orders" is completely equipped for living on board insofar as it has cooking and dining appurtenances, sleeping quarters, televisions and other recreational items, and plumbing and sanitation systems. It has an electrical system supplied alternately by generator or, while moored at the marina, land supplied power. Telephone and water service is also supplied while berthed at the marina.

4. "Doctor's Orders" was the Debtor's principal place of residence.

5. The Debtor filed a petition under Chapter 7 on June 29, 1988. Among the exempt property claimed in the Debtor's schedule B–4 is the 57-foot houseboat. The Trustee objects to this exemption.

### CONCLUSIONS OF LAW

The issue in this case is whether a houseboat may be considered a homestead for purposes of Alabama's homestead exemption statute. The Court concludes that under the proper circumstances a houseboat may be a homestead.

Under the Bankruptcy Code, a debtor is entitled to exempt from property of the estate that property which may be exempted under applicable state law. 11 U.S.C. 522(b). The applicable state law in this case is Code of Alabama 1975, 6–10–2, which provides an exemption in the amount of up to $5,000.00 in the homestead of the Debtor. The statute also provides as follows:

> For purposes of this section [6–10–2] and sections 6–10–38 and 6–10–40, a mobile home *or similar dwelling* if the principal place of residence of the individual claiming the exemption shall be deemed to be a homestead.

Code of Alabama 1975, 6–10–2. (Emphasis added.) Having already made a factual determination that the houseboat was the Debtor's principal place of residence, the issue to be decided is whether the Debtor's houseboat is a "similar dwelling" within the meaning of the above passage.

It has been held that the state legislature's purpose in enacting the homestead exemption was to secure for the householder a home for himself and his family regardless of his financial condition. *Walker v. Hayes*, 248 Ala. 492, 28 So.2d 413 (1946), *cited with approval in First Alabama Bank of Dothan v. Renfro*, 452 So.2d 464 (Ala.1984). Consistent with the purpose of the homestead exemption is the 1980 amendment to Section 6–10–2 providing that a mobile home constitutes a homestead within the meaning of the statute. *See First Alabama Bank of Dothan v. Renfro, supra.*

Moreover, the legislature obviously sought to extend the homestead exemption not only to mobile homes but to other, perhaps unforeseeable, types of living quarters, when it added the "similar dwelling" phrase in issue. Rather than attempt an enumeration of every possible dwelling which might fall within the ambit of a homestead, the legislature contemplated the incorporation within the term "similar dwelling".

The Court notes this area of Alabama, encompassing as it does the shores of the Gulf of Mexico and Mobile Bay and the inland waters of the Mobile, Blakely, Tensaw, Fowl, Dog and Fish Rivers, is the home of hundreds of boaters. Many of these boat owners make their homes on the boats, whether they be houseboats, sailboats or fishing vessels, and whether they be moored at marinas, yacht clubs or private property.

It is the conclusion of the Court that under the proper factual circumstances, such a marine vessel may be a dwelling similar to a mobile home, and thus a homestead, within the meaning of Section 6–10–2. To hold otherwise would not only discriminate unfairly against persons who invest their money in a boat with the intent of making it their principal residence, but would also vitiate the legislature's purpose in enacting the statute. Further, the Court's conclusion is supported by the established principle of Alabama law that exemptions are to be liberally construed in favor of the debtor. *First Alabama Bank of Dothan v. Renfro,* 452 So.2d 464 (Ala. 1984).

Although this appears to be a question of first impression in Alabama, the Court's decision is not totally without precedent. In *In re McMahon,* 60 B.R. 632 (Bankr.W. D.Kentucky 1986), the Court construed an exemption statute much like that in issue here and concluded a houseboat qualified as a homestead under Kentucky law. The Court analogized the facts before it to that of a debtor claiming a homestead in a mobile home. This Court agrees with the analogy.

Applied to the instant situation, the Court notes the houseboat "Doctor's Orders" is fully equipped for on board living; except for the need to replenish fuel, water and food supplies, the boat is a totally self-contained living environment. With its umbilical power and water connections attached while moored at the marina, and with the attendant telephone service available, "Doctor's Orders" is not unlike any small house or mobile home. Additionally, as has been found above, the Debtor made the houseboat his principal residence.

Based on the foregoing discussion, the Court finds that the Debtor's houseboat "Doctor's Orders" is a homestead within the meaning of Code of Alabama 1975, 6–10–2. As such, the Debtor may claim a homestead exemption in the boat or its proceeds.

### ORDER

It is hereby ORDERED, ADJUDGED and DECREED that the Objection to the Debtor's Exemption filed by the Trustee is OVERRULED; and it is further

ORDERED, ADJUDGED and DECREED that the Debtor may claim a homestead exemption in the houseboat "Doctor's Orders" as allowed under Code of Alabama 1975, 6–10–2.