**In re Joseph W. MEOLA, Debtor.**

**Bankruptcy No. 93–21086–BKC–AJC.**

United States Bankruptcy Court, S.D. Florida.

June 17, 1993.

Joseph W. Meola, pro se.

Donna Bumgardner, Trustee, Tamarac, FL.

A. JAY CRISTOL, Bankruptcy Judge.

THIS CAUSE came on to be heard on May 17, 1993 upon receipt of a handwritten letter by *pro se* Debtor, Joseph W. Meola, requesting that the Court confirm that his trailer home qualifies as an exempt homestead under Florida homestead statutes. Mr. Meola filed a Chapter 7 bankruptcy petition on March 23, 1993. Although the trustee has not filed an objection to the characterization of the trailer home as a homestead [1], the Court will consider the Debtor's letter as a Motion to Confirm Exemption, and upon consideration and review, the Court hereby renders the following opinion.

This case presents an issue of first impression in Florida: whether a travel trailer qualifies as an exempt homestead under Fla.Stat. § 222.05. The Debtor owns a 32–foot 1985 Jayco Bluejay Trailer. It is equipped with a bedroom, bathroom, heater and air conditioner, and kitchen facilities. With a market value of approximately $3,300, the trailer is the Debtor's only pos-

---

1. A debtor may claim an exemption by filing a list of exempt property at the time the petition is filed. Unless the trustee or any creditor objects within a specified time period, the property claimed is exempt. 11 U.S.C. § 522(*l*) (1992).

Bankruptcy Rules 1007 and 4003 establish procedures for filing lists of exempt assets, objections to such lists, and the resolution of issues presented by the objections.

session of any value and has been his sole shelter since 1986.

Mr. Meola's sister also lives in the trailer as she is too ill to care for herself since her heart surgery, and is blind and almost deaf. Mr. Meola provides for all his sister's needs including cooking, shopping and transportation. Mr. Meola is unemployed. Most unfortunately, Mr. Meola's income is only $454.00 per month, which comes from his elderly sister's SSI and Social Security Benefits. According to schedules filed by the Debtor, he and his sister expend $50.00 per month on food.

Code section 522(b)(2)(A) permits an individual debtor to exempt from the bankruptcy estate property classified as exempt under either federal or state law on the date of filing the petition.[2] A homestead exemption is one of the exemptions available under Florida law and has long been embodied in the organic law of this state. (See *Baker v. State*, 17 Fla 406 (1879) interpreting the homestead provision of the Florida Constitution of 1868). Article 10, § 4(a)(1) of the Florida Constitution as amended in 1972 governs homestead exemptions. Section 222.05 of the Florida Statutes as the legislative extension of Art. 10, § 4(a)(1) of the Florida Constitution, is the applicable state law in this case and provides:

> Any person owning and occupying any dwelling house, including a mobile home used as a residence, or modular home, on land not his own which he may lawfully possess, by lease or otherwise, and claiming such house, mobile home, or modular home as his homestead, shall be entitled to the exemption of such house, mobile home, or modular home from levy and sale as aforesaid.

Fla.Stat. § 222.05

■ Florida has a public policy of protecting the homestead exemption and homestead statutes have enjoyed particularly liberal construction. While great care should be taken to prevent homestead laws

from becoming instruments of fraud, an imposition on creditors, or a means to escape honest debts, provisions of homestead laws should be carried out in the liberal beneficent spirit in which they were enacted.

■ There being no question that the trailer home is Mr. Meola's only residence, the issue to be decided is whether his trailer is a "dwelling house" within the meaning of the above passage.

■ Clearly, the state legislature's purpose in enacting the homestead exemption was to secure for the householder a home for himself and his family—regardless of his financial condition. Consistent with the purpose of the homestead exemption is the 1977 amendment providing that a mobile or modular home constitutes a homestead within the meaning of the statute.

Moreover, the legislature obviously sought to extend the homestead exemption not only to mobile and modular homes but to other, perhaps unforeseeable, types of living quarters, by using the "including" language. Rather than attempt an enumeration of every possible dwelling which might fall within the ambit of a homestead, the legislature left the definition of "dwelling house" open.

It is the conclusion of the Court that under the proper factual circumstances such a travel trailer may be a dwelling similar to a mobile home, and this a homestead within the meaning of Section 222.05. To hold otherwise would not only discriminate against those whose financial condition allows them to purchase only a modest trailer as a home, but would also vitiate the legislature's purpose in enacting the statute.

Although this appears to be a question of first impression in Florida, the Court's decision is not totally without precedent. *In re Scudder*, 97 B.R. 617 (Bankr.S.D.Ala.1989), the Court construed an exemption statute

---

**2.** Although 11 U.S.C. § 522 permits the debtor to elect between state exemptions or the federal exemptions set forth at 11 U.S.C. § 522(d), Florida is among the majority of states which has chosen to "opt out" of the federal exemption scheme and limit its residents to the exemptions allowable under Florida law.

much like that in issue here and concluded that a houseboat, completely equipped for living on board and the debtor's principal place of residence, qualified as a homestead under Alabama law. Similarly, in *In re Laube,* 152 B.R. 260 (Bankr.W.D.Wisconsin 1993), the Court concluded that a semitruck cab was a "dwelling" so as to qualify as an exempt homestead where the owner clearly resided in his cab tractor and had resided there five or six nights per week, ate, visited with friends, and the owner's testimony clearly established his intent to maintain his truck cab as his homestead. Moreover, Mr. Meola's trailer home, unlike the debtor's dwelling in Laube, has bathroom and cooking facilities.

Based on the foregoing discussion, the Court finds that the Debtor's travel trailer is a homestead within the meaning of Fla. Stat. § 222.05. As such, the Debtor may claim a homestead exemption in the travel trailer.

Accordingly, it is ORDERED:

That the Debtor's trailer home, claimed as a homestead exemption, is confirmed.

**DONE and ORDERED.**