In re Steven N. MAJOR, Elisabeth K. Major, Debtors.

Bankruptcy No. 93–7007–8P7.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

March 29, 1994.

M. Jay Lancer, Sarasota, FL, for debtors Steven N. and Elisabeth K. Major.

Larry S. Hyman, Tampa, FL, Trustee.

Brad W. Hissing, Tampa, FL, for trustee.

## ORDER ON OBJECTION TO CLAIM OF EXEMPTION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter under consideration is an Objection to Claim of Exemptions filed by Larry Hyman (Trustee), the trustee in charge of administration of the estate. In their Schedule C, Steven and Elisabeth Major (Debtors) claimed as exempt their 34–foot motorboat on which they reside as their homestead, pursuant to Article X, § 4 of the Florida Constitution. In the Objection, the Trustee contends that a boat does not qualify as an exempt homestead under the applicable law. The facts relevant to the resolution of this controversy based on stipulated facts and the record are as follows:

In 1992, the Debtors sold their homestead real property, and with the proceeds of the sale purchased a 1968 34–foot Pembroke boat. Shortly thereafter, the Debtors and the Bradenton Beach Marina entered into a lease agreement which commenced on December 24, 1992. Pursuant to the agreement, the Debtors would dock the boat at the marina. Since the commencement of the lease, the Debtors have continuously lived on the boat.

The Pembroke boat has a motor which is currently inoperable. The Debtors do not have the funds to repair the motor. If the motor was operable, however, the boat would be capable of navigation. The boat is a self-contained facility which has plumbing, electrical and phone services by virtue of its hook-ups to shore utilities. The Debtors do not pay ad valorem real property or personal property taxes on the boat. The Debtors do

pay a vessel registration certificate fee pursuant to Florida Statute § 327.23.

On June 29, 1993, the Debtors filed their voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code. In connection with the Petition the Debtors filed their schedules, and in their Schedule C, the Debtors claimed as exempt their boat pursuant to the homestead exemption afforded by Article X, Section 4(a)(1) of the Florida Constitution. The boat is not encumbered by any lien, and the Debtors claim that the value of the boat is $14,000.00.

On September 24, 1993, the Trustee filed an Objection to the claim of exemption of the boat as a homestead, in which he contends that the claim of exemption of the boat under the homestead exemption is not supported by statute or other law. The Trustee also objected to the claim of exemption of the Debtor's flatbed trailer claimed as exempt in the amount of $0.00 which the Debtors valued at $3000.00 and which is subject to a lien in the amount of $3200.00. In this regard, the Trustee states that he intends to void such lien using the avoiding powers afforded by § 544 of the Bankruptcy Code. It is the Trustee's position that the claims of exemption by the Debtors exceeds the personal property exemption limitation of $1000.00 afforded by Article X, Section 4(a)(2) of the Florida Constitution.

In their Response, the Debtors do not oppose the Objection as it relates to the claim of exemption of the flatbed trailer. The Debtors do assert, however, that the boat does qualify as homestead. In support of their position, the Debtors urge that they currently reside and intend to reside on the boat, and therefore their homestead claim should be sustained.

■ It is well-established that the constitutional provisions dealing with homestead were designed to further an important public policy consideration of promoting stability and welfare of the state by encouraging property ownership and independence of its citizens by preserving the home where the family lives beyond the reach of economic misfortune. *In re McAtee,* 154 B.R. 346 (Bankr.N.D.Fla.1993). Consistent with this concept, it is clear that the homestead ex-

emption established by Article X, § 4 of the Florida Constitution should be liberally construed in the interest of protecting the family home. *Quigley v. Kennedy & Ely Insurance, Inc.,* 207 So.2d 431 (Fla.1968).

The difficulty with the instant matter is that what is claimed as the homestead is not the type of property which conventionally has been accepted to qualify as a homestead, i.e. land and the home, but it is a 1968 34–foot Pembroke boat. Neither research of counsel nor independent research has been able to locate any authority which addresses this precise issue. However, this Court is aware of *In re Meola,* 158 B.R. 881 (Bankr.S.D.Fla. 1993), decided in the Southern District of Florida, in which Judge Cristol held that a travel trailer qualifies and is claimable as an exempt homestead under Article X, § 4 of the Florida Constitution. To the same effect, the same court held in the case of *In re Mangano,* 158 B.R. 532 (Bankr.S.D.Fla.1993) that the debtors' motor home in which they lived qualified as a homestead. In that case, the Debtors' had no other residence, and the motor home was not driveable because it lacked a current license plate and registration. This Court is also aware of *In re Scudder,* 97 B.R. 617 (Bankr.S.D.Ala.1989), in which Judge Briskman held that a debtor's houseboat qualified as a homestead under Alabama law.

■ Article X, § 4 of the Florida Constitution of 1885 leaves no doubt that the homestead exemption was originally designed to protect the family homesite house and the realty on which the dwelling was situated. This is understandable, of course, since at the time the constitution was enacted in 1885, mobile homes, trailers or prefabricated homes were not known. In order to modernize this provision, the state enacted § 222.05 which provides that "homestead" includes a dwelling house, including a mobile home or modular home used as a residence even though the same is not located on land which is owned by the party claiming the homestead exemption. There is no similar provision in the Statutes of this State dealing with a homestead exemption concerning boats, houseboats or vessels. A "dwelling" is

defined as "a house or other structure in which a person or persons live." Black's Law Dictionary 454 (5th ed. 1979). One might argue that the liberal construction traditionally accorded to the laws dealing with homestead might be stretched to include a houseboat since it is specially designed to serve as a permanent dwelling. However, it would be a totally unwarranted extension of the homestead provision of the Florida Constitution to include a boat which was certainly not designed to serve as a permanent dwelling for anybody, which is a moveable chattel but, in this case, not moveable only because the owners do not have the funds to repair the motor. This fact alone belies the permanency required for homestead exemption.

For the reasons stated, this Court is satisfied that the claim cannot be sustained and the boat cannot be claimed as exempt under Article X, § 4 of the Florida Constitution.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Objection to Claim of Exemptions filed by the Trustee be, and the same is hereby, sustained and the boat is subject to administration by the Trustee.

DONE AND ORDERED.