641 So.2d 467 (1994)
MIAMI COUNTRY DAY SCHOOL, Appellant,
v.
Irving BAKST and Jackie Bakst, Appellees.
No. 94-208.
District Court of Appeal of Florida, Third District.
August 17, 1994.
*468 Perse & Ginsberg and Joseph T. Robinson and Todd R. Schwartz, Miami, for appellant.
Ackerman, Bakst & Cloyd and Michael Bakst, West Palm Beach, for appellees.
Before BARKDULL, HUBBART and BASKIN, JJ.
BASKIN, Judge.
Miami Country Day School [School] appeals a non-final order ruling that the houseboat owned by Jackie Bakst qualifies as homestead pursuant to Article X, section 4 of the Florida Constitution, and section 222.05, Florida Statutes (1993). We affirm.
The School obtained a money judgment against Irving and Jackie Bakst for failure to pay tuition. To satisfy the judgment, the School sought to levy on a houseboat owned by Jackie Bakst. The 3,000 square foot houseboat, her sole residence since 1986, is fully equipped for occupancy and includes four bedrooms, three bathrooms, and a garden. The houseboat was towed to its present location; it was never equipped with a motor and is connected to the dock via walkways and gangplanks. Bakst does not own the land or body of water beneath the houseboat, which is docked at a marina pursuant to a rental agreement. The marina provides hookups for necessary connections including water and electric supplies. Bakst sought to avoid a forced sale by asserting that the houseboat was exempt property. The trial court ruled that the houseboat qualified as homestead. The School appeals.
In determining whether Bakst's houseboat is entitled to an exemption, we follow well-settled law and liberally construe the homestead exemption in favor of the party claiming the exemption and in furtherance of the exemption's purpose. Butterworth v. Caggiano, 605 So.2d 56 (Fla. 1992), and cited cases. "As a matter of public policy, the purpose of the homestead exemption *469 is to promote the stability and welfare of the state by securing to the householder a home, so that the homeowner and his or her heirs may live beyond the reach of financial misfortune and the demands of creditors who have given credit under such law." Public Health Trust of Dade County v. Lopez, 531 So.2d 946, 948 (Fla. 1988). Applying those principles, we hold that the trial court properly ruled that Bakst is entitled to a homestead exemption for her houseboat.
Article X, section 4 provides, in pertinent part: "[t]here shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, ... the following property owned by a natural person: (1) a homestead... ." Section 222.05, Florida Statutes (1993), sets forth when certain homesteads located on leased properties are entitled to the exemption, and provides that "any person owning and occupying any dwelling house, including a mobile home used as a residence, ... on land not his own which he may lawfully possess, by lease or otherwise, and claiming such house ... as his homestead, shall be entitled to the exemption of such house ... from levy and sale aforesaid." Although section 222.05 does not expressly state that a houseboat is entitled to homestead exemption, the language of the section is noninclusive thereby permitting designation of a houseboat as homestead if it is a dwelling house. Pursuant to section 222.05, the term dwelling house includes a mobile home and a modular home: that language suggests that the legislature intended to enlarge the definition of the term "dwelling house" rather than to limit the term to modular and mobile homes or to list every possible type of dwelling house. In re Mangano, 158 B.R. 532 (Bankr.S.D.Fla. 1993); In re Meola, 158 B.R. 881 (Bankr.S.D.Fla. 1993); see Yon v. Fleming, 595 So.2d 573, 577 (Fla. 4th DCA), review denied, 599 So.2d 1281 (Fla. 1992). Therefore, Bakst, whose sole permanent residence is the houseboat, is entitled to homestead exemption if the houseboat she owns is a dwelling house.
Under the circumstances of this case, we hold that the houseboat is a dwelling house;[1] thus, the trial court properly determined that Bakst is entitled to the exemption. The houseboat is similar to a mobile home which the legislature has determined is a dwelling house; although both may be moved, they are self-contained living environments, designed for use as residences rather than transportation. See In re Scudder, 97 B.R. 617, 619 (Bankr.S.D.Ala. 1989) (houseboat subject to homestead exemption). Here, Bakst uses the houseboat as her sole, permanent residence.[2] It is fully equipped for occupancy and supplied with utilities via dock connections. In addition, the houseboat cannot be used as a vehicle: it has never been equipped with a motor and was towed to its present location. Therefore, this case is unlike In re Major, 166 B.R. 457 (Bankr. M.D.Fla. 1994), in which the court held that a boat, which had an inoperable motor because the owners lacked funds to repair the motor, was not subject to homestead exemption. The Major court recognized that the exemption may be extended to a houseboat because "a houseboat ... is specially designed to serve as a permanent dwelling." Major, 166 B.R. at 458. Our holding is supported by Florida bankruptcy courts, applying Florida homestead law, which have drawn an analogy to mobile homes and have held that a travel trailer, Meola, 158 B.R. at 881, and a motor home, Mangano, 158 B.R. at 532, are dwelling houses. Based on that analogy, the Meola and Mangano courts concluded that such property is entitled to homestead exemption under Article X, section 4 and section 222.05.
We hold that the trial court correctly ruled that Bakst is entitled to a homestead exemption *470 for her houseboat. The decision we reach today is in keeping with the spirit of Florida homestead law which endeavors "to shelter the family and provide it a refuge from the stresses and strains of misfortune." Collins v. Collins, 150 Fla. 374, 377, 7 So.2d 443, 444 (1942). Accordingly, the order is affirmed.
Affirmed.
NOTES
[1] Because the statute does not define the term "dwelling house," the term "must be given its ordinary and commonly accepted meaning as it is used in the particular statutory context." Hancock Advertising, Inc. v. Department of Transp., 549 So.2d 1086, 1088 (Fla. 3d DCA 1989) (citation omitted), review denied, 558 So.2d 17 (Fla. 1990); see Butterworth v. Caggiano, 605 So.2d 56, 58-59 (Fla. 1992). Dwelling house is defined as "a house or sometimes part of a house that is occupied as a residence... ." Webster's Third New Int'l Dictionary 706 (1986).
[2] There is no dispute that Bakst fulfilled the homestead permanency requirement. Cooke v. Uransky, 412 So.2d 340 (Fla. 1982).