**In re Myron BUBNAK, Debtor.**

**Bankruptcy No. 94–03462–9P7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Nov. 9, 1994.

Alan J. Elkins, Ft. Lauderdale, FL, for debtor.

Diane L. Jensen, Trustee, Ft. Myers, FL.

## ORDER ON OBJECTION TO CLAIM OF EXEMPTION

ALEXANDER L. PASKAY, Chief Judge.

This is a chapter 7 liquidation case and the matter under consideration is a challenge by Diane Jensen, Trustee of the estate (Trustee) to the claim of exemption asserted by Myron Bubnak (Debtor). The property involved which is claimed as exempt is a 1983 Holiday Motor Home. It is the Trustee's contention that the motor home cannot be claimed as exempt pursuant to Article X, Section 4 of Fla. Const. and Fla.Stat. 222.05 because it is neither a dwelling house, a mobile home used as a residence, or a modular home owned by the Debtor.

The Debtor in his response to the objection asserts that he is entitled to claim the motor home as exempt because he resided in same with his wife continuously and uninterrupted since August, 1992; they have a permanent hookup for sewer, electric, cable TV and telephone in the park that they reside and they occupy the motor home as their residence and they intend to reside in same and use it as their permanent place of residence. In addition, it is the contention of the Debtor that the fact that the Statute does not specifically mention motor homes shall not be construed to be an indication that the Legislature intended to exclude motor homes or any other forms of living quarters as long as they were the bona fide permanent residence of the owner.

Before considering the ultimate issue, that is whether the motor home involved is homestead within the meaning of that term defined by the Statute, it is appropriate to make the following initial observations.

■ It is well-established that the constitutional provisions dealing with homestead were designed to further an important public policy consideration of promoting stability and welfare of the state by encouraging property ownership and independence of its citizens by preserving the home where the family lives beyond the reach of economic misfortune. *In re McAtee*, 154 B.R. 346 (Bankr.N.D.Fla.1993). Consistent with this concept, it is clear that the homestead exemption established by Article X, § 4 of the Florida Constitution should be liberally construed in the interest of protecting the family home. *Quigley v. Kennedy & Ely Insurance, Inc.*, 207 So.2d 431 (Fla.1968).

■ The difficulty with the instant matter is that what is claimed as the homestead is not the type of property which conventionally has been accepted to qualify as a homestead, such as the 1988 Holiday Motor Home involved in this controversy.

The precise question was considered by the Bankruptcy Court in the Southern District of Florida in *In re Meola*, 158 B.R. 881 (Bankr.S.D.Fla.1993), in which the Bankruptcy Court held that a travel trailer qualifies and is claimable as an exempt homestead under Article X, § 4 of the Fla. Const. and Chapter 222.05 of the Fla.Stat. To the same effect, the same court held in the case of *In re Mangano*, 158 B.R. 532 (Bankr.S.D.Fla. 1993) that the debtors' motor home in which they lived qualified as a homestead. In that case, the Debtors' had no other residence, and the motor home was not driveable only because it lacked a current license plate and registration. This Court is also aware of *In re Scudder*, 97 B.R. 617 (Bankr.S.D.Ala. 1989), in which Judge Briskman held that a

debtor's houseboat qualified as a homestead under Alabama law.

In the present instance it is undisputed that the Statute does not include the word mobile home as the type of property which could be claimed as exempt. It is equally clear, however, that the purpose of the constitutional provision and the Statute which implemented the same, was designed to preserve the dwelling place or residence of the citizens of this State from forced sale to satisfy claims of creditors. The motor home under consideration, as noted earlier, has the characteristics of permanency which is essential to the claim. This is so because it has a permanent hookup for sewer, electric, cable TV and telephone in the park that they reside. Based on the foregoing, consistent with the liberal construction according to homestead claims, this Court is satisfied that the 1988 Holiday Motor Home could be claimed as exempt.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Objection to Claim of Exemptions filed by the Trustee be, and the same is hereby, overruled and the 1988 Holiday Motor Home is allowed as exempt.

DONE AND ORDERED.