**In re Andrew F. ANDIORIO and Margaret Andiorio, Debtors.**

**Bankruptcy No. 98–09948–6B7.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

June 2, 1999.

Lynnea S. Concannon, Orlando, FL, for Trustee (Gene Chambers).

S. Craig Wakefield, Kissimmee, FL, for Debtors.

### MEMORANDUM OPINION

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This case came on for hearing on February 3, 1999 on the Trustee's objection to the debtors' claim of homestead exemption for their 1995 Holiday Rambler. After considering the motion, evidence and arguments of counsel, the Court make the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

Andrew and Margaret Andiorio ("Debtors") sold their home in New Jersey in 1995 and purchased a 1995 Holiday Rambler recreational vehicle ("RV"). Debtors intended to use the RV for traveling. The RV has been parked at the Port–O–Call campground, 5195 West Irlo Bronson Memorial Highway, Kissimmee, Florida, since its purchase in 1995, with the exception of a month long trip to New Jersey to visit relatives and one or more local trips to have the vehicle lubricated and otherwise

maintained. Debtors rent their lot on a month to month basis and receive their mail at a central location in the park.

The RV has removable hookups to the vehicle for phone, electricity and waste, plus an awning. All of the attachments can be, and have been, removed within a short period of time so that the vehicle can travel. There are no permanent fixtures connecting the RV to the property. The RV has tires and otherwise has been maintained so that it can be driven and used for travel. The RV has current tags and is insured by a carrier that provides combined coverage for contents and for driving. Their bankruptcy schedules reflect they own sleeping bags, a tent and cots, as well as, a car dolly for trailing their vehicle.

Debtors valued their RV at $50,000. Debtors have listed $55,666.00 in unsecured debt, much of that dating from 1994 and 1995.

Debtors' RV does not constitute homestead under the Florida Constitution.

## CONCLUSIONS OF LAW

■ The principal issue is whether the Debtors' RV is homestead property pursuant to Article X, Section 4 of the Florida Constitution.

Article X, Section 4 of the Florida Constitution provides, in pertinent part:

> There shall be exempt from forced sale ..., and no judgment, decree or execution shall be a lien thereon ... the following property owned by a natural person: (1) A homestead ... of contiguous land and improvements thereon ... upon which the exemption shall be limited to the residence of the owner or his family[.]

FLA.CONST. art X, § 4.

■ Public policy arguments abound for Florida's generous homestead exemption. The homestead exemption protects individuals from utter destitution, thereby relieving the state's burden of supporting destitute families. *Hill v. First Nat'l Bank of*

*Marianna,* 79 Fla. 391, 84 So. 190, 192 (1920). It likewise increases family stability by providing refuge from economic misfortunes. *Butterworth v. Caggiano,* 605 So.2d 56, 60 (Fla.1992). The exemption also encourages property ownership and individual financial independence. *Bigelow v. Dunphe,* 143 Fla. 603, 197 So. 328, 330 (1940).

■ Intent alone is not a sufficient basis for the establishment of a homestead. *Orange Brevard Plumbing & Heating Co. v. La Croix,* 137 So.2d 201, 203 (Fla.1962). There must first be property which meets the constitutional requirements of a homestead. *Id.* The element of physical permanency is essential to the establishment of a homestead.

The characteristic of physical permanency is deeply rooted in the language of Florida's constitutional homestead provision. The Florida Constitution illustrates that the homestead exemption was originally designed to protect the family residence and the realty on which the dwelling was situated. FLA.CONST. art. X, § 4 (1885). The Florida Statutes expanded the protection of homestead to include mobile homes used as a residence on leasehold estates. FLA. STAT. § 222.05 (1997). This statutory provision provides that "homestead" includes a dwelling house, including a mobile home or modular home used as a residence "on land not his or her own which he or she may lawfully possess[.]" FLA. STAT. § 222.05 (1997). The Florida statute extended the protection of homestead exemption for mobile homes if the debtor has the lawful right of possession to a leasehold property interest. It did not abrogate the land connection requirement within the geographic confines of Florida.

Case law supports the constitutional requirement of an attachment to a fixed and permanent property interest in Florida even for nontraditional mobile properties. *See In re Bubnak,* 176 B.R. 601 (Bankr.M.D.Fla.1994)(finding a motor

home satisfied the characteristic of permanency since it has "a permanent hookup for sewer, electric, cable, TV and telephone in the park that they reside."); *Miami Country Day School v. Bakst,* 641 So.2d 467 (Fla. 3rd DCA 1994)(finding a houseboat was eligible for homestead exemption after considering its stationary nature since "[t]he houseboat cannot be used as a vehicle: it has never been equipped with a motor and was towed to its present location.").

The mobility of our society has caused the nature of the home to evolve into its current state, oftentimes exhibiting less of a nexus to a fixed property interest than in the past, and a significant segment of society resides in homes lacking the requisite permanency. We are constrained by the requirements of the Florida Constitution and bound to follow the established precedent until the legislature sees fit to amend the existing permanency requirement.

Debtors have not established a sufficient nexus with the requisite degree of permanency to a fixed property interest in Florida. Therefore, Debtors have not established a homestead in Florida. Debtors' RV is not exempted from their bankruptcy estate, as it does not satisfy the requirements under Florida's homestead laws.

### ORDER

This matter came on the Trustee's Objection to the Debtors' Claim of Homestead Exemption. After reviewing the pleadings and evidence, and hearing live testimony and arguments of counsel, and in conformity with the **Memorandum Opinion** entered contemporaneously herewith, it is

**ORDERED, ADJUDGED and DECREED** the Trustee's Objection to the Debtors' Claim of Homestead Exemption for their 1995 Holiday Rambler is **SUSTAINED**.