**In re John S. BRISSONT and Alda Kay Brissont, Debtors.**

**No. 99–07055–617.**

United States Bankruptcy Court, M.D. Florida. Orlando Division.

Feb. 18, 2000.

Roy A. Praver, Titusville, FL for Debtors.

Lynnea Concannon, Orlando, FL, for trustee.

*FINDINGS OF FACT AND CONCLUSIONS OF LAW ON TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTIONS AND MOTION FOR TURNOVER OF NON–EXEMPT PROPERTY*

KAREN S. JENNEMANN, Bankruptcy Judge.

This case came on for hearing on January 4, 2000, on the Trustee's Objection to Debtor's Claim of Exemptions and Motion For Turnover of Non–Exempt Property (the "Motion") (Doc. No. 9) and the Response by Debtors to Trustee's Objection to Exemptions (Doc. No. 18). John S. and

Alda Kay Brissont (the "Debtors") contend that their 1969 37 foot Egg Harbor Cabin Cruiser ("Cabin Cruiser") qualifies as exempt homestead property pursuant to Article X, Section 4(a)(1) of the Florida Constitution. The Trustee objects to this exemption asserting that the Cabin Cruiser was not the permanent residence of either of the Debtors on the day this case was filed, and even if it had been, the Cabin Cruiser would not qualify as homestead property. After reviewing the pleadings, considering the arguments of counsel, and the applicable law, the Trustee's objection is sustained, and the Motion is granted.

*Background.* The Debtors purchased the Cabin Cruiser for $17,000 in November, 1998, with no intention of using it as a homestead. The vessel is in poor condition but, if restored, would have substantial value. In February, 1999, Mrs. Brissont filed a divorce petition and the following month, March, 1999, the husband alleges he moved to the Cabin Cruiser. On August 23, 1999 (the "Petition Date"), both spouses filed for protection under Chapter 7 of the Bankruptcy Code. The divorce is not yet finalized, and the Debtors anticipate losing their home to foreclosure in the near future. On the Petition Date, Mr. Brissont was a long distance truck driver. He frequently was gone for extended periods. He did not own a car until recently. The Debtors maintain only one checking account.

The Cabin Cruiser remains in poor condition with only one of its two engines functioning. The vessel currently can move only short distances and has only sailed once since its purchase. If repaired, the Cabin Cruiser could travel long distances. The vessel is equipped with water and electricity services but has no telephone service.

The appraiser for the Trustee inspected the Cabin Cruiser. The appraiser saw no indications that Mr. Brissont was living aboard the Cabin Cruiser. He saw no clothes, no shoes, and no personal effects. However, he did see a number of construction type materials aboard the Cabin Cruiser, which indicated Mr. Brissont perhaps was attempting to restore the vessel. Upon inspection of the home, the appraiser observed a number of personal effects belonging to a male. Mrs. Brissont further testified that her husband still frequently sleeps on the couch at the home and would visit their children often.

■ *Neither of the Debtors maintained the Cabin Cruiser as a permanent residence.* Mr. Brissont claims the Cabin Cruiser as his homestead. A husband and wife can establish two separate homesteads if legitimately living apart, if they otherwise meet the requirements for the exemption. *See, Colwell v. Royal Int'l Trading Corp. (In re Colwell),* 196 F.3d 1225 (11th Cir.1999). In this case, the Debtors have failed to establish that they were actually living apart on the Petition Date.

Mr. Brissont was a long distance truck driver. He frequently was travelling. When he was not on the road, he apparently stayed at his former home. He did not and does not keep his personal effects or clothing on the Cabin Cruiser. Indeed nothing in the evidence, other than the Debtor's self serving testimony, supports Mr. Brissont's position that he has ever resided on the Cabin Cruiser. Factually, Mr. Brissont has failed to establish the right to exempt the Cabin Cruiser as his homestead property.

■ *The Cabin Cruiser is not entitled to homestead protection.* Moreover, mobile boats, such as this Cabin Cruiser, are not legally capable of exemption as homestead property. In order to expand the homestead exemption of Article X, Section 4 of the Florida Constitution, the legislature enacted Florida Statute Section 222.05. This statute has extended homestead qualification to dwellings including mobile homes and modular homes used as residences on land owned by someone other than the resident. The Cabin Cruiser,

however, is a motorboat, not a mobile home. Florida Statute Section 327.02(20) defines "motorboat" as any vessel that is propelled or powered by machinery and that is used or capable of being used as a means of transportation on water.

A small number of courts have addressed the issue of whether motorboats may qualify as homestead property. *Miami Country Day School v. Bakst*, 641 So.2d 467 (Fla. 3rd DCA 1994) (holding that a houseboat was exempt homestead property); *In re Major*, 166 B.R. 457 (Bankr.M.D.Fla.1994) (holding that debtor's 34 foot motorboat, which is currently inoperable, but capable of navigation if repaired, did not qualify as homestead property); *In re Walter*, 230 B.R. 200 (Bankr.S.D.Fla.1999) (holding that a 48 foot motorboat did not qualify as homestead property).

The Cabin Cruiser in this case is vastly different from the houseboat in *Miami Country.* The houseboat unquestionably was designed, manufactured and used as a dwelling place. *Miami Country*, 641 So.2d at 468–69. Further, the houseboat could not navigate under its own power. *Id.* Here, the Cabin Cruiser was not purchased, used, or manufactured to be a dwelling place. The Cabin Cruiser was designed exclusively for use as marine transportation. *Major* and *Walter* are directly on point, both standing for the principle that a motorboat, whether currently operable or not, does not qualify as homestead property. *Major*, 166 B.R. at 458–59; *Walter*, 230 B.R. at 202–03. This Court concurs with these opinions. The Cabin Cruiser currently can navigate under its own power, is not a dwelling place, and was never designed to be a permanent dwelling. The Cabin Cruiser is a motorboat, not a homestead, and is not entitled to exemption as homestead property.

*Conclusion.* From the evidence and testimony presented at the hearing, Mr. Brissont did not establish that the Cabin Cruiser was his residence on the Petition Date. Moreover, the motorboat does not legally qualify as homestead property. The Debtors are not entitled to a homestead exemption for the Cabin Cruiser. The Trustee's objection is sustained. As property of the bankruptcy estate, the Cabin Cruiser must be turned over to the Trustee. The Trustee's Motion for Turnover is granted. A separate order consistent with these Findings of Facts and Conclusions of Law shall be entered.