**In re F. John MEAD, Debtor.**

**No. 00–23365-BKC-PGH.**

United States Bankruptcy Court,
S.D. Florida.

Oct. 30, 2000.

**82**

Kenneth A. Welt, Hollywood, FL.

Jack F. Weins, Boca Raton, FL.

Kevin C. Gleason, Ft. Lauderdale, FL.

*MEMORANDUM DECISION AND OR-DER OVERRULING TRUSTEE'S OBJECTIONS TO CLAIMED EX-EMPTIONS AND DENYING TRUSTEE'S MOTION TO COMPEL TURNOVER OF NON–EXEMPT PROPERTY*

PAUL G. HYMAN, Bankruptcy Judge.

**THIS MATTER** came before the Court on September 25, 2000 upon the Trustee's Objections to Claimed Exemptions and Motion to Compel Turnover of Non–Exempt Property. The Trustee objects to Debtor claiming the 1966 34′ Hatteras boat on which he resides, as exempt homestead property under Florida Constitution Art. X, § 4(a)(1) and Florida Statute § 222.05. The Court, having reviewed the Motions, considered the applicable law and the arguments of counsel, and being otherwise fully advised in the premises, hereby enters the following Statement of Facts and Conclusions of Law.

### STATEMENT OF FACTS

F. John Mead ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on May 31, 2000, and the Court appointed Kenneth A. Welt ("Trustee") to be the Chapter 7 Trustee. Debtor and his wife live full-time aboard Debtor's 1966 34′ Hatteras boat (the "Boat") docked at Slip # 10, 12 Isle of Venice, Fort Lauderdale, Florida. The Boat is titled and registered in Florida. Debtor rents dockage space for his Boat on a month to month basis. The $450 rental fee includes water and pumpout facilities. Debtor pays separately for utility services, including electricity, phone and cable TV, which are supplied by connections to the Boat from the dock. The Boat is a cabin cruiser with kitchen and bathroom facilities as well as separate living and sleeping areas. The Boat also has two inboard 330 horsepower engines that are currently inoperable, but that are capable of being made operable. The Boat is not used for transportation or recreation. Debtor's ex-wife has custody of Debtor's two minor children. The children stay with Debtor aboard the Boat during alternate weekend visitations. Debtor receives his mail at Slip # 10, 12 Isle of Venice, Fort Lauderdale. Debtor's Broward County Voter Registration, Florida Driver License, and 1999 Federal Income Tax Return reflect his address as Slip # 10, 12 Isle of Venice, Fort Lauderdale. Debtor has no other residence.

Debtor scheduled the Boat on his chapter 7 petition as exempt homestead property valued at $15,000. Trustee filed a timely Objection to Claimed Exemptions and Motion to Compel Turnover of Non–Exempt Property. Trustee argues that the Boat does not qualify as an exempt homestead under Florida law. It is Trustee's position that the Boat is ineligible for homestead exemption because it is capable of movement upon navigable waterways and open seas. The Trustee further argues that while the Boat may be Debtor's residence, the Debtor may not claim the Boat as exempt homestead property because he does not own the land where the Boat is docked.

### CONCLUSIONS OF LAW

The issue before the Court is whether the Boat qualifies as exempt homestead property pursuant to Article X, § 4 of the Florida Constitution and Florida Statute § 222.05. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 151, 157(a), and this is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

The Bankruptcy Code allows an individual debtor to exempt from the bankruptcy estate property classified as exempt

under either federal or state law on the date the petition is filed. 11 U.S.C. 522(b)(2)(A). Florida has opted out of the federal scheme, thereby limiting Florida residents to the exemptions permitted under state law. Fla. Stat. § 222.20. The Florida homestead exemption is rooted in Article X, § 4(a) of the Florida Constitution:

There shall be exempt from forced sale under process of any court, and no judgment, decree of execution shall be a lien thereon ... the following property owned by a natural person:

(1) a homestead...

Art. X, § 4(a), Fla. Const.

■■■ Homestead protection is a constitutionally protected right in Florida. Florida homestead protection is designed to "secure for the householder a home for himself and his family— regardless of his financial condition." *In re Meola,* 158 B.R. 881, 882 (Bankr.S.D.Fla.1993). It is well settled law that homestead rights are liberally construed in favor of exemption, so that public policy underlying the homestead exemption can be realized. *See Butterworth v. Caggiano,* 605 So.2d 56, 59 (Fla.1992); *Colwell v. Royal Int'l Trading Corp.,* 226 B.R. 714, 718–19 (S.D.Fla.1998).

Florida Statutes chapter 222 implements Florida's constitutional protection against forced sale of homestead property. *Meadow Groves Management, Inc., v. McKnight,* 689 So.2d 315, 318 (5th Fla. Dist.Ct.App.1997). The scope of Florida's homestead exemption is expanded by Florida Statutes § 222.05, which provides in pertinent part:

Any person owning and occupying any dwelling house, including a mobile home used as a residence ... on land not his or her own which he or she may lawfully possess, by lease or otherwise, and claiming such house ... as his or her homestead, shall be entitled to the exemption of such house ... from levy and sale as aforesaid. Fla. Stat. § 222.05

Applying section 222.05 to the facts at hand requires analysis of whether the Boat is a "dwelling house" within the meaning of the statute, and whether the Boat is "on land not his or her own which he or she may lawfully possess." *Id.*

■■ The 1977 amendment to section 222.05 extended homestead protection to "*any* dwelling house including a mobile home used as a residence." *Id.* (emphasis added). By using the "including a mobile home" language, "the legislature obviously sought to extend the homestead protection not only to mobile ... homes but to other, perhaps unforeseeable, types of living quarters. Rather than attempt an enumeration of every possible dwelling which might fall within the ambit of a homestead, the legislature left the definition of 'dwelling house' open." *In re Meola,* 158 B.R. at 882. A "dwelling house" is defined as "the house or other structure in which a person lives; a residence or abode." *Black's Law Dictionary,* 524 (7th ed.1999). It is undisputed that Mr. Mead actually resides on the Boat with his wife, and that he has no other residence. The Boat is equipped and is used as a residence, and as such, it qualifies as a dwelling house.

■■ Florida's Third District Court of Appeal held in *Miami Country Day School v. Bakst,* 641 So.2d 467 (3rd Fla. Dist. Ct. App.1994), that a houseboat was a dwelling house within Florida Statute § 222.05, and that the defendant's houseboat qualified as homestead property. The requirement that the dwelling house be "on land not his or her own which he or she may lawfully possess" was satisfied by the houseboat's connection to the dock. The Boat is similarly connected to the dock. The boat dock is the real estate that satisfies the "on land" element of the statute. Similar to a lot on which a mobile home is parked, a boat dock is an integral part of maintaining a residence on a boat, as it provides both access and necessary utility connections. *See In re McMahon,* 60 B.R. 632, 634 (Bkrtcy.W.D.Ky.1986) (holding that a houseboat and boat slip

qualified as exempt homestead property under Kentucky law). In recent years, boat docks have been marketed and sold as condominiums. Condominiums have long been eligible for homestead exemption in Florida. *See, e.g., In re Dean,* 177 B.R. 727 (Bankr.S.D.Fla.1995); *In re Wilbur,* 217 B.R. 314 (Bankr.M.D.Fla.1998); *Blecker v. Simms (In re Blecker),* 9 B.R. 31 (Bkrtcy.S.D.Fla.1980).

■ The owner in *Miami Country Day School* rented rather than owned the space where his houseboat was docked. *Id.* at 468–69. The Trustee's contention that the Debtor must own the land where the Boat is docked in order for the Boat to qualify as exempt homestead property is not supported by the statute. Section 222.05 does not require land ownership for homestead exemption, in fact, § 222.05 clearly extends homestead protection to dwelling houses situated on leased property. The Court sees no distinction between a mobile home occupying leased space in a mobile home park, and a boat occupying leased dock space in a marina or in another dockage situation.

■ "In Florida, a homestead is established when there is 'actual intent to live permanently in a place, coupled with actual use and occupancy.'" *Colwell v. Royal Int'l Trading Corp.,* 226 B.R. 714, 719 (S.D.Fla.1998) (quoting *In re Brown,* 165 B.R. 512, 514 (Bankr.M.D.Fla.1994)). The evidence clearly shows that Mr. Mead intends and, indeed, does actually live on the Boat with his family. The Boat is Mr. Mead's *only* residence. The Boat is connected to a boat dock that Mr. Mead leases. Therefore the Boat is a dwelling house connected to land not his own that he lawfully possesses. The Boat qualifies as exempt homestead property.

This Court is aware of the cases that hold that some boats and motor homes may qualify for homestead exemption while others may not. The cases extending homestead protection to non-traditional dwelling houses include *Miami Country Day School v. Bakst,* 641 So.2d 467 (3rd Fla. Dist.Ct.App.1994) (holding that a houseboat, used as a dwelling house and incapable of use as a vehicle, qualified for homestead exemption); *In re Mangano,* 158 B.R. 532 (Bankr.S.D.Fla.1993) (finding a motor home qualified as exempt homestead property based on its intended and actual use as a dwelling house); *In re Meola,* 158 B.R. 881 (Bankr.S.D.Fla.1993) (holding that a 32' travel trailer is similar to a mobile home and therefore exempt homestead property); *In re Bubnak,* 176 B.R. 601 (Bankr.M.D.Fla.1994) (finding that permanent utility hookups rendered an otherwise ineligible motor home exempt as homestead property).[1]

Other cases have denied homestead protection to non-traditional residences. *See In re Walter,* 230 B.R. 200 (Bankr.S.D.Fla. 1999) (denying homestead protection for a 48' boat because it was "designed to serve as a recreational vehicle rather than a permanent dwelling"); *In re Major,* 166 B.R. 457 (Bankr.M.D.Fla.1994) (denying homestead protection for a 34' boat because it was not designed to serve as a permanent dwelling and it was immobile only because its owners lacked sufficient funds to repair the engine); *In re Brissont,* 250 B.R. 413 (Bankr.M.D.Fla.2000) (denying homestead protection to a 37' cabin cruiser because it was designed exclusively for use as marine transportation unlike the houseboat in *Miami Country Day School*); *In re Andiorio,* 237 B.R. 851 (Bankr.M.D.Fla.1999) (denying homestead protection to recreational vehicle with removable utility hookups because it

---

1. Courts in other jurisdictions have applied appropriate state law and held that homestead exempt property could be claimed in a fishing boat used as a residence, *In re Ross,* 210 B.R. 320 (Bankr.N.D.Ill.1997); in a semi truck cab used as a dwelling, *In re Laube,* 152 B.R. 260 (Bankr.W.D.Wis.1993); and in a houseboat used as a residence, *In re Scudder,* 97 B.R. 617 (Bankr.S.D.Ala.1989); *see also In re McMahon,* 60 B.R. 632 (Bankr.W.D.Ky. 1986).

lacked the permanent attachment required for homestead exemption).

 This Court is not convinced that the distinctions on which the above cases turn are meaningful. While the Boat was immobile on the date of the petition, the Court would reach the same result even if the Boat could have been moved. A better test to determine homestead exemption is one based on function and use of the dwelling structure, rather than its size, design, utility hookups, or ability to be moved. Homestead protection should be extended to *any* dwelling house on land that the debtor may lawfully possess, if the debtor resided there on the petition date, and if the debtor had no other residence.

The Boat was Mr. Mead's only residence on the date of his petition. The Boat is appropriately equipped to function as a dwelling house, and it is used as a dwelling house. The Boat is registered in Florida and permanently docked in Florida. It is immaterial how the utilities are connected to a boat or motor home, and whether or not a boat or motor home was designed for or capable of recreational travel. The relevant question is whether the boat or motor home is the debtor's only residence on the petition date. Even if the Boat could be moved, the analysis would not change, the Boat would still be Mr. Mead's only home, and Mr. Mead would be entitled to his homestead exemption. To deny Mr. Mead protection against the forced sale of his home simply because his home has an engine, operable or not, would circumvent the purpose of both Florida's homestead protection laws and the Bankruptcy Code's fresh start.

Many people live on boats in Florida. Some boat dwellers chose to live aboard because it is a relatively inexpensive way to maintain a home. People make their homes on houseboats, sailboats, fishing boats and cabin cruisers. To allow homestead exemption for houseboats but not for other boats that function as homes is arbitrary and unfair. "There is room for judicial discretion within the confines of the Bankruptcy Code, Florida Statutes and Florida Constitution." *In re Mangano*, 158 B.R. at 535. This Court will not deny homestead protection and a fresh start to Mr. Mead because his only home is a boat.

### CONCLUSION

Based upon the foregoing, this Court finds that the Boat qualifies as exempt homestead property as defined in Florida Statute § 222.05. The Boat is "a dwelling house" berthed at rented dock space that is "land not his own which he may lawfully possess." Therefore the Trustee's Objection to Claimed Exemption is Overruled and the Trustee's Motion to Compel Turnover of Non–Exempt Property is Denied.

### *ORDER*

Accordingly, it hereby **ORDERED** and **ADJUDGED** that:

1. Trustee's Objection to Claimed Exemptions is OVERRULED. The 34′ Hatteras boat is exempt homestead property pursuant to Article X, § 4 of the Florida Constitution and Florida Statute § 222.05.

2. Trustee's Motion to Compel Turnover of Non–Exempt Property is **DENIED.**